The opinion of the court was delivered by
Nevhjs, J.
In support of the first objection, it is insisted that a mortgage can be proved only by producing the subscribing witness, or according to the principles of the common law, and that the act respecting conveyances does not embrace this species of conveyance. The first section of that act, El. Dig. 83, in general terms provides that “ If any deed or conveyance of lands shall be acknowledged by the party executing it, and a certificate of such acknowledgment be written upon it and signed by the person before whom it is made, such deed shall be received in evidence, as if it were proved.” At common law and in legal parlance, the words “ deed or conveyance ” embrace a mortgage of lands as well as a deed in fee simple or absolute. The clear design of this section was to facilitate the mode of proof by dispensing with the subscribing witness, and the reason for this provision is equally applicable to each species of deeds. The tenth section provides that the clerks of the several counties shall provide books in which they shall record all deeds and conveyances duly acknowledged and certified, which shall be delivered to them to be recorded; and the eleventh section prescribes the mode in which such record shall be made. Then by the fourteenth section it is declared that the record of such deed or conveyance and the transcript of such record shall be received in evidence in any court, and be as good find available as if the original deed were produced and proved. If this were the only act touching the question before us, no reasonable doubt could be entertained, that it included all conveyances of land, and that all were to be recorded, if properly acknowledged and left with the clerk for that purpose; and that the record, or transcript of the record of all, should be received in evidence. But by the act to register mortgages passed on the same day with the preceding, El. Dig. 85, it is provided that the clerk shall keep a book in which he shall enter an abstract of mortgages, which shall be delivered to him or be brought to his office to be recorded but none shall be so entered, unless the same shall be acknowledged as prescribed by the act “ concerning conveyances.” It is contend *293 ed that as mortgages are not required to be recorded, and their registry and the transcript of such registry have been adjudged not to be legal proof in courts, that they are therefore not within the scope of the tenth, eleventh and fourteenth sections of the act concerning conveyances, and as these sections refer to such deed or conveyance as is mentioned in the first section of that act, that mortgages are consequently excluded from the operation of that section also. This argument, however ingenious and plausible, is nevertheless not sound as applied to the present case. All acts in pari materia are to be taken together as if they were one law. These acts are to be considered as one law ; they relate to the same subject matter, to wit, conveyances or titles to land; and the legislature have so considered them, by passing three supplemental acts, each entitled a “ supplement to ‘ the act concerning conveyances and to the act to register mortgages.3 33 They must be construed together, for the act relative to mortgages refers to the form of acknowledgment prescribed by the act concerning conveyances, and the eighth section of the supplement to the two acts passed in 1820, requires that the officer before whom the acknowledgment is made shall, in addition to what was before required by law, make known the contents to the person making the acknowledgment. But again, by the .fourth section of the act concerning conveyances it is provided that no estate of a feme covert shall pass by her deed or conveyance except acknowledged by her in a particular manner: there is no special provision as to her acknowledgment of a mortgage. If therefore the words “ deed or conveyances 33 in that act do not include a conveyance by mortgage, a feme covert .cannot by mortgage bar her dower. If we esteem the two acts therefore as one law all difficulty in the construction vanishes. The legislature have declared that all deeds duly acknowledged and certified shall be evidence whether absolute or conditional. That all deeds so acknowledged and certified shall be recorded, if delivered to the clerk for that purpose ; and that the record or transcript of the record of all such deeds as shall be delivered to the clerk to be recorded and shall be actually recorded, shall be evidence in the courts of this state; but by a subsequent section of" the same law, they declare that conveyances by mortgage *294 need not be recorded but only registered. There is no incongruity in.the law, the whole may stand together. The case cited by counsel from 7th Hal. R. 42, does not militate against this construction. The mortgage was properly and lawfully received as evidence in the case.
As to the second reason urged in support of this rule, to wit, that the plaintiff did not produce the bond and show an assignment to himself, I think he was not legally bound to do so. His suit was founded on the mortgage and being possessed of that by regular transfer and his title to it not questioned, his right to recover under it was complete. The bond was no part of the plaintiff’s title to the premises, the mortgage being an independent security for the payment of the money mentioned in it. It is true the defendant might have defeated the plaintiff’s recovery by showing that the bond had been satisfied or that it was fraudulently obtained, but it needed not the production of the bond to enable him to make that defence. If the bond had been assigned to a third person that would not bar the plaintiff’s recovering if he had the legal title to the-mortgage and the transfer and actual possession of the mortgage was plenary evidence of his title. If he recover possession in this suit his title will be defeated by the payment of the bond, in whose hands soever it may be.
The last reason urged for setting aside this verdict, is that there was no proof of notice to the tenant to quit, nor demand of possession before action brought. The plaintiff was not bound to make any such proof, the relation of landlord and tenant did not exist between the parties. This is the doctrine of the English courts; Adams on Eject. 62, 106, and the cases there cited. The mortgagor in possession ,is not a tenant at will of the mortgagee, but at most a tenant at sufferance and may be treated either as tenant or trespasser at the election of the mortgagee, 8 Barn and Cres. 767. The same doctrine has been recognized in this court in Den v. Stockton, 7 Hal. 322, where the court say it was never held in New Jersey that the mortgagor was entitled to notice toquit. In New York a different rule has prevailed, founded on the case of Jackson v. Laughhead, 2 J. R. 75, where the majority of the court denied the authority of the English cases. *295 But even in that state it is held that the purchaser from the mortgagor is not entitled to notice to quit. Jackson v. Hopkins, 18 J. R. 487. Here the tenant being in by purchase from the mortgagor, hp is not entitled even to the benefit of the New York rule. 1 think the rule should be refused.