## ALBERT A. HOPPER, GEORGE BROOMHEAD, AND JOSEPH BROOMHEAD ADS. WILLIAM H. CHAMBERLAIN.

1. The judgment of a justice of the peace in summary proceedings, under the landlord and tenant act, to remove a tenant, cannot be pleaded as an estoppel in an action of trespass brought against the landlord by the tenant, for removing him by force. Such decision is not conclusive between the parties.

2. An estoppel by a record is matter of strict law, and without favor in courts ; to be available, it must be certain to every intent, and upon the point in question.

3. If such determination could be pleaded at bar, yet the justice, having a special statutory authority under this act, every fact necessary to show that he had jurisdiction of the case must appear in the pleadings.

In trespass.   On demurrer to replications.

The facts on which the questions in this cause arise are given in the opinion of the court.

Argued before BEASLEY, CHIEF JUSTICE, and WOODHULL, VAN SYCKEL, and SCUDDER, Justices.

For defendants, *A. B. Woodruff.*

For plaintiff, *S. Tuttle.*

SCUDDER, J.   In an action of trespass *quare clausum fregit,* for breaking and entering a certain mill in the city of Paterson, &c., the defendants, Albert A. Hopper, George Broomhead, and Joseph Broomhead, justify, as agents of Maria Van Houten and Henry O. McCarty, the land-owners, by whose authority they entered upon the premises, after the expiration of the term of his tenancy, and removed the plaintiff, his servants and property therefrom, peaceably and gently, using no more force than was necessary.

In the fifth and sixth pleas, this defence is set up, with some variations as to the parties and the property, not now material in the consideration of this cause.

To these pleas the same replication, substantially, is put in : that the defendants are estopped from pleading so much thereof wherein they allege that before the 26th day of May, 1866, and before the 1st of May in the year aforesaid, the tenancy of the said plaintiff in and to the said close in that count mentioned, under the said Maria Van Houten and Henry O. McCarty, expired, and the said plaintiff there-

after, to wit, from the 1st day of May, in the year last afore-said, to the 26th day of May, in the year aforesaid, wrong-fully and unlawfully held over and continued in the use and occupation of the close in that count mentioned; *because*, upon notice to deliver possession of the premises given by the defendants to the plaintiff, and refusal by the plaintiff, affidavit was made and proceedings had in the court for the trial of small causes, held before Bernard O'Neil, Esq., a justice of the peace in and for the county of Passaic, for the removal of the plaintiff pursuant to the statute entitled "A supplement to an act entitled 'An act concerning landlords and tenants,'" approved March 4th, 1847; and upon trial before said justice and a jury, on June 19th, 1866, a verdict, was rendered and judgment entered by said justice in favor of the plaintiff, the tenant below.

The defendants demur generally, and assign special causes for the demurrer.

These causes, sixteen in number, may be grouped and in-cluded under two general heads:

1. That the statement in the replication of the proceedings before the justice does not show that he had jurisdiction; and that the very point in controversy in this suit was therein decided.

2. That the determination in these summary proceedings, even if they be regular and strictly within the statutory requirements, cannot be pleaded in this action as an estoppel by a record.

. The proceedings under the supplement to the act concern-ing landlords and tenants, approved March 4th, 1847, and the further supplements thereto, provide a prompt remedy for the great mischief and damage that may ensue from holding over after a term ended; and from the non-payment of rent, where there is no sufficient distress on the premises, while the landlord is pursuing his recovery by ejectment.

This supplement extends the remedies given to owners of lands under the statutes concerning forcible entries and de-tainers, and the earlier acts concerning landlords and ten-

ants, neither of which afforded any redress in the special cases provided for in this supplement. It is remedial, special, and summary in its proceedings, and is intended to settle nothing but the right to the immediate possession of lands held by a tenant or lessee at will, at sufferance, or for years, between such tenant or lessee and his landlord. All the means of prosecuting the action by notice, affidavit, summons, hearing before a magistrate, and jury, when required, the determination and writ of possession, are the most expeditious known to our law.

As the act originally stood, it was assumed at the hearing that the tenant was a trespasser, and the burthen was put upon him to show cause why possession of the premises should not be delivered to the claimant. A jury was given, if demanded, to complete the jurisdiction, and to prevent too hasty or too partial action in the important result of dispossessing a tenant of lands, but not thereby giving any additional legal effect to the decision.

No appeal was allowed, but, on the contrary, it was expressly said that "the proceedings had by virtue of this act shall not be appealed from or removed by *certiorari*."

It is manifest that it could not have been the intention to settle finally, in this hasty manner, such questions concerning the rights of parties to real property, as must often arise in these cases between landlords and tenants. It is only one of those extraordinary preventive remedies given occasionally in cases that admit of no delay, anticipating thereby the slower processes of more complete forms of action, and auxiliary to them.

If the landlord fail, he still has his legal remedies to recover possession; and if he succeed, the tenant has also left to him his action for damages, and the right to regain the possession, if the term has not expired, upon disproving the facts upon which his removal is based.

This is the conclusion to which this court arrived in *McWilliams* v. *King and Phillips*, 3 *Vroom* 21, wherein it is said " that the decision before the justice, so far as it touches the

rights of landlord and tenant, is a decision *pro hac vice*, and nothing more. Either of them can, in any subsequent legal investigation, deny or disprove the facts upon which such decision is based." See, also, *Taylor's Ld. & Ten.*, § 713, &c.; *Arch. Ld. & Ten.*, §§ 226, 230.

Such a decision can hardly be said to partake of the technical qualities of a completed record of a judgment in a court of law. Neither party can claim, by the principles of strict law, that the other is concluded by the result, and plead it as an estoppel to further investigation of the right of possession.

But, supposing it might be pleaded in estoppel, this is matter of strict law, without favor in courts, and, to be available, must be certain to every intent; and if it be pleaded as a judgment, then it is merely evidence when it is directly upon the point in question. 4 *Com. Dig., Estoppel,* (*E. 4;*) *Blackham's case,* 1 *Salk.* 290; *Duchess of Kingston's case, and notes;* 2 *Smith's Lead. Cases* (6th *Am. ed.*) 787; *Ward* v. *Ward,* 2 *Zab.* 699.

This brings me to consider, briefly, the special qualities of some of the statements in the replication, within the causes assigned for the demurrer.

The very point in question, in this case, is the right of possession in the land upon which it is alleged the trespass was committed. The plaintiff must, therefore, plead in estoppel, that this point was decided in his favor before the justice, and that the defendants are thereby concluded. But in his replication to these fifth and sixth pleas, he does not state that this was settled by the verdict of the jury, or by the judgment of the magistrate. The statement is, "that the jury upon the trial of the said action, upon their oath said that the said Maria Van Houten and Henry O. McCarty, as to the said complaint in the said oath in writing contained, *had no cause for action;* that such proceedings were thereupon further had, that the said plaintiff, William H. Chamberlain, Jr., then and there *recovered a judgment, &c.,* against

the said Maria Van Houten and Henry O. McCarty, which said judgment is still in force," &c.

What especial point was decided in the plaintiff's favor by this verdict and judgment?

By section one, act of 1848, (*Nix. Dig.* 495,*) it shall be necessary for the plaintiff, if required by the defendant, to prove the facts which, according to the first section of the act of 1847, authorize the removal of a tenant. These facts are, in this case, that the person holds over and continues in possession of the demised premises, or some part thereof, after the expiration of his term, and after demand made and notice in writing given for delivering the possession thereof by the landlords or their agents for that purpose. Suppose the landlords failed to prove at the trial that they had made a demand and notice in writing for delivering the possession? The verdict of the jury and the judgment of the magistrate might be precisely as is averred in this replication, and yet the tenant may be in possession after the expiration of his term, and the landlord's right of possession be good.

This pleading is therefore not certain to every intent, and the decision is not shown to be directly upon the point in question.

Again, the replication avers that the defendants, Van Houten and McCarty, impleaded the plaintiff *in the court for the trial of small causes,* and that their oath in writing, preliminary to the proceedings, was filed *in said court,* under the provisions of said act, and such proceedings were had that the justice issued out of *the said court* before him then and there held, a certain summons, &c.

This is erroneous, for the statute gives this jurisdiction not to the court for the trial of small causes, but to any justice of the peace of the county where the premises are situated.

The replication is also faulty in not alleging that the plaintiff's tenancy had not expired on the 26th day of May, when the alleged tortious entry by the defendants is charged.

*Rev.,* p. 573, § 14.

Hopper and Broomhead ads. Chamberlain.

This should not be left to inference. Neither is it sufficient to state that the summons was served according to law, unless it be also shown that the defendants appeared without objection, and thereby any defect in the service was cured. The statute directs that the summons shall be served in the manner prescribed by the act constituting courts for the trial of small causes, and the averment should be special, showing how the service was made and returned, that this court may see that the justice had jurisdiction of the person.

Where it is necessary to show jurisdiction, the party must allege the existence of the facts on which jurisdiction depends, and the statute must be strictly pursued. There will be no intendment and presumption in favor of persons and tribunals exercising a special and statutory authority.

In this case, by the statute, the justice of the peace has a special jurisdiction, and every fact necessary to show that he had jurisdiction of the case must not only appear on his record, but should also be averred in the pleading. More especially must this be insisted upon where the benefit of such record is claimed as an estoppel, in favor of which there is no intendment made by the law. *Snediker* v. *Quick*, 1 *Green* 306; *Van Etten* v. *Hurst*, 6 *Hill* 311; *Obert* v. *Hammel*, 3 *Harr.* 73; *Hess* v. *Cole*, 3 *Zab.* 116.

The application of these general principles will also determine the other causes of demurrer, which are regarded as important, without taking up each one, *seriatim*, and deciding it.

The replication to the fifth and sixth pleas, to which demurrers are filed, are, for the reasons above given, defective, both in form and substance, and the demurrers are sustained.

BEASLEY, CHIEF JUSTICE, and WOODHULL and VAN SYCKEL, Justices, concurred.