VAN VLAANDEREN MACHINE COMPANY, PROSECUTOR, v. DAVID FOX, TRADING AS SAVOY SILK MILLS, RESPONDENT.

Argued November 3, 1920—Decided November 15, 1920.

1. Summary proceedings to dispossess a tenant cannot be removed by the landlord after judgment against him by appeal or *certiorari*.

2. Notice to quit when necessary in order to terminate a tenancy must be served as the statute directs and cannot be served by mail.

*95 N. J. L.*      Van Vlaanderen Machine Co. v. Fox.

On *certiorari* to the Paterson District Court.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Addison P. Rosenkrans.*

For the respondent, *William I. Lewis.*

The opinion of the court was delivered by

SWAYZE, J.   There are two insuperable objections in the way of the prosecutor: 1. The proceeding is a summary proceeding by a landlord to dispossess a tenant.   The District Court act, like the Landlord and Tenant act, forbids an appeal or removal by *certiorari*.   *Comp. Stat., p.* 1990, § 113; *Comp. Stat., p.* 3074, *pl.* 18*g*.   The prohibition is absolute and forbids appeal or removal as well by landlord as by tenant.   The tenant is protected by his right to bring an action of trespass and to recover his damages.   The landlord needs no review since there is no estoppel by a judgment against him (*McWilliams* v. *King and Phillips,* 32 *N. J. L.* 21, 28; *Hopper and Broomhead* ads. *Chamberlain,* 34 *Id.* 220, 223, 224), and he may immediately bring new proceedings.   It is true there may be a *certiorari* where the District Court or justice of the peace is without jurisdiction, but the landlord cannot successfully maintain that position since if there was no jurisdiction the proceedings were rightly dismissed, and the judgment must be affirmed.

2. There is a more fundamental difficulty.   The proceeding is against a tenant from year to year who holds over after his term has expired.   Notice to quit is necessary.   The landlord, of course, recognized this and attempted to give the tenant notice to quit.   What he in fact did is thus stated in the affidavit on which the proceeding is based: "Claimant caused a notice * * * requiring defendant to quit and deliver up possession of the said premises on the first day of May, 1920, to be mailed to the defendant by registered mail by depositing the same in a sealed wrapper addressed to said Savoy

Silk Mills, 2 Broadway, Van Vlaanderen Mill, Paterson, New Jersey, with postage prepaid, in the Paterson, New Jersey post office, and that a registry return receipt dated December 1st, 1919, signed by said Savoy Silk Mills, was duly returned to claimant by the postmaster of said city of Paterson on said first day of December, 1919." The case in this respect is controlled by the Landlord and Tenant act and not by the District Court act. *Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157. The proper service of notice to quit is necessary to terminate the tenancy and it is only when the tenancy has been terminated that proceedings to dispossess can be had in the District Court. So far as the District Court act attempts to regulate the tenancy itself, it is unconstitutional because that object is not expressed in the title. We must, therefore, look to the Landlord and Tenant act to determine whether the notice was properly served. That statute regulates the manner of service and does away with whatever doubt might have existed before. It requires either personal service upon the tenant or person in possession by giving him a copy or leaving a copy at his usual place of abode with some member of his family above the age of fourteen years, or where for any reason such service cannot be had by affixing a copy of the notice to the door of any dwelling on the demised premises, occupied by the tenant. The provision in the District Court act, as amended just before these proceedings were begun, is substantially the same. *Pamph. L.* 1920, *p.* 478. The landlord did not comply with the statute and has failed to determine the tenancy, so that at least as far as the affidavit shows, the merits of the case are with the tenant. It may be well to add that the letter seems to have been acknowledged by "Savoy Silk Mills," a mere trade name. The case does not disclose who in fact received the notice nor whether he was authorized to receive it in behalf of Fox.

For the reasons stated the writ is dismissed, with costs.