6 N.J. Super. 239 (1950)
70 A.2d 877
CONSTRUCTION AND RENTING CORPORATION, PLAINTIFF-RESPONDENT,
v.
VADYA STEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1950.
Decided January 25, 1950.
*240 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Herman Shapiro argued the cause for the plaintiff-respondent (Mr. A. Leonard Bluestein, attorney).
Mr. Hugh C. Spernow, attorney for and of counsel with defendant-appellant, argued the cause.
The opinion of the court was delivered by EASTWOOD, J.A.D.
Defendant, Vadya Stein, appeals from a judgment entered by the Passaic County District Court against him and in favor of plaintiff, Construction and Renting *241 Corporation, for one month's rent of an apartment, and from an adverse judgment on his counterclaim for damages for alleged unlawful eviction under prior dispossess proceedings between the parties.
The only question argued by defendant is that the trial court erroneously entered judgment on his counterclaim in favor of the plaintiff. Defendant, in his counterclaim, alleged that he suffered damages when he was unlawfully evicted by plaintiff "by virtue of summary dispossess proceedings based upon facts set forth in the Affidavit of Dispossess which were untrue and caused said Vadya Stein to be evicted from said premises by virtue of an affidavit which was unlawful, in that it did not set forth jurisdictional facts required in such affidavit, thereby constituting a trespass against the said Vadya Stein * * *." Plaintiff's affidavit in the dispossess proceedings alleged:
"3. The said Vadya Stein covenanted in said lease that he would during the term of said lease and at his own cost and expense, keep the said premises in good repair as to the interior of the dwelling and properly maintain the same in accordance with the rules and regulations of the municipal, State and Federal Authorities."
and that defendant had violated the covenant, rules and regulations. Under authority of the judgment entered in the dispossess proceedings, a warrant for possession was issued and defendant was evicted on October 7, 1948.
Defendant contends that his right of action under his counterclaim against the plaintiff is authorized by R.S. 2:32-273, which denies a tenant the right of appeal in dispossess proceedings, but "the landlord shall remain liable in an action at law for an unlawful proceeding under sections 2:32-265 to 2:32-277 of this title." Under the circumstances here, there can be no question as to defendant's right of action against plaintiff. The determination in the dispossess proceedings only affected the respective rights of the landlord and the tenant "for that occasion" and nothing more. Either of them was privileged, in a subsequent proceeding, to deny or disprove the facts upon which such a judgment is *242 based. McWilliams v. King and Phillips, 32 N.J.L. 21 (Sup. Ct. 1866); Hopper and Broomhead ads. Chamberlain, 34 N.J.L. 220 (Sup. Ct. 1870). Thus, the tenant might recover damages from the landlord in an action at law in the nature of trespass for any unlawful proceeding under the act. McGann v. La Brecque Co., 91 N.J. Eq. 307 (E. & A. 1920). The tenant's right of action under R.S. 2:32-273 was not affected by the District Court Act adopted in 1948 (P.L. 1948, c. 385, N.J.S.A. 2:32-10.1 et seq.). Opalach v. Cebulah, 2 N.J. Super. 139 (App. Div. 1949).
Our review of the evidence in the case sub judice convinces us that there is a dearth of testimony establishing that the covenant relied upon by the landlord was ever entered into. Assuming, arguendo, that there was such a valid covenant, certainly there was not sufficient proof of a violation nor that any right of re-entry had been reserved by the landlord in the event of a breach. Without such a reservation of re-entry, the landlord was not entitled to possession and the tenant's eviction was unlawful. George Jonas Glass Co. v. Ross, 69 N.J.L. 157 (Sup. Ct. 1902); Manahan v. City of Englewood, 108 N.J.L. 249 (Sup. Ct. 1931). At the trial of the action under review here, the landlord conceded that, in the dispossess proceeding, he had abandoned the alleged violation of the rules and regulations of the municipal, state and federal authorities; that the only question decided in that proceeding was the defendant's failure to re-decorate.
We conclude that the trial court erred in entering judgment in favor of plaintiff on defendant's counterclaim. The record before us does not disclose any proofs establishing the amount of defendant's damages arising out of his unlawful eviction.
The judgment on defendant's counterclaim is reversed with costs, and the case is remanded to the trial court solely for proof of defendant's damages as a consequence of his unlawful eviction.