98 N.J. Super. 441 (1968)
237 A.2d 635
JAMES C. PETERS AND ANTHONY PALUMBO, PLAINTIFFS-RESPONDENTS,
v.
NEZZIE KELLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1967.
Decided January 12, 1968.
*442 Before Judges SULLIVAN, FOLEY, and LEONARD.
Mr. Harris David argued the cause for appellant (Mr. Joseph Barry and Mr. Harris David, attorneys of Newark Legal Services Project).
Mr. Walter R. Cohn argued the cause for respondents (Messrs. Cohn & Turk, attorneys).
PER CURIAM.
Defendant appeals from a summary dispossess order granted pursuant to N.J.S. 2A:18-53(b) by the Essex County District Court. Execution of the writ of eviction was stayed pending the outcome of the appeal.
*443 Review of summary actions for possession is statutorily limited to appeals grounded on the county district court's lack of jurisdiction. N.J.S. 2A:18-59. Jurisdiction is conferred by N.J.S. 2A:18-53, which in relevant part states:
"Any lessee or tenant at will or at sufferance, or for a part of a year, or for 1 or more years, of any houses, buildings, lands or tenements, and the assigns, undertenants or legal representatives of such tenant or lessee, may be removed from such premises by the county district court of the county within which such premises are situated, in an action in the following cases:

* * * * * * * *
(b) Where such person shall hold over after a default in the payment of rent, pursuant to the agreement under which the premises are held."
In February 1967 defendant leased a five-room apartment on a month-to-month tenancy at 72 Second Street, Newark, New Jersey. Rent was fixed at $100 a month to be paid in advance. Since then defendant has resided in the apartment with her four children and one grandchild. When the dispossess action was brought defendant's rent was $200 in arrears for the months of April and May 1967.
The trial court found the tenant in default of rent for the months of April and May 1967. The tenant sought to offer the uninhabitable condition of the building in defense of nonpayment and the landlord's right to relief. The court refused to admit testimony regarding the condition of the premises as a defense to the landlord's suit for possession and held that since two months' rent was unpaid the landlord, as a matter of law, was entitled to immediate possession. Current possession pending appeal is by court order, which also compels the payment of rent.
On appeal defendant and an investigator for the Newark Legal Services Project aver in affidavits that the apartment is roach infested, with "off and on" heating and a "poor hot water" situation, all causing illness to members of defendant's family. The affidavits also state that there are *444 no locks on the doors or lights in the halls. A rotten stench emanating from the cellar was said to permeate the building.
Defendant claims that her proffered proof as to the nonhabitable condition of the premises presented an equitable defense to the landlord's suit for possession. Defendant also claims that the refusal by the county district court to entertain this defense went to the jurisdiction of the court so that an appeal may be had from its adverse ruling.
We do not agree that the ruling is appealable. Once the landlord and tenant relationship is proved and a default in the payment of rent shown, equitable defenses asserted to offset or avoid the duty to pay rent go to the merits of the action rather than the jurisdiction of the court.
Also, we think that under existing law, the alleged nonhabitable condition of the leased premises is not a defense to the landlord's suit for possession based on nonpayment of rent.
We recognize the social problem involved. Tenants in substandard housing should have some reasonably direct and workable means of compelling a landlord to correct conditions in and about premises that threaten health and safety. However, this is not a judicial function. Solution to the problem requires administrative regulation and inspection by trained personnel at the local level.
New Jersey had not enacted a rent escrow statute as has New York and other jurisdictions. However, the City of Newark, pursuant to N.J.S.A. 40:48-2.12a et seq., has by ordinance established a commission for the direct supervision and control over the adequacy of housing accommodations in buildings capable of tenancy by three or more families. Under the ordinance the landlord can be ordered to make repairs and improvements to the property or the director can have such repairs and improvements made, and the costs charged as a municipal lien. The ordinance also empowers the director, with the approval of the municipal council to apply for the appointment of a rent receiver for the purpose of collecting the rents and applying *445 the same to abate conditions affecting the health and safety of the occupants. We must assume that a tenant's complaint of nonhabitable housing accommodations would receive prompt attention from the director.
The appeal herein is dismissed. No costs.