107 N.J. Super. 89 (1969)
257 A.2d 7
ALEXANDER HAMILTON SAVINGS & LOAN ASSOCIATION OF PATERSON, NEW JERSEY, PLAINTIFF,
v.
JOSEPH WHALEY, DEFENDANT.
Superior Court of New Jersey, District Court, Hudson County.
Decided September 16, 1969.
*90 Mr. Walter R. Dewey, attorney for plaintiff.
Mr. Joseph Whaley, defendant, pro se.
McFARLAND, J.D.C.
Plaintiff landlord sues for possession of defendant tenant's apartment. There is no dispute about plaintiff's status as landlord or that defendant is a month to month tenant. Nor is it disputed that defendant was served a proper notice to quit the premises, effective September 1, 1969.
Plaintiff contends that having satisfied all the requirements of N.J.S.A. 2A:18-53, subject to the discretion vested in the court to grant tenant at most six months to quit the premises, it is entitled to possession of the apartment.
A tenant may present proof of equitable defenses to a landlord's action for possession of leased premises. Carteret Properties v. Variety Donuts Inc., 49 N.J. 116 (1967). Defenses being available to defendant, the court was required to inquire into the reasons for the eviction. For the court not to inquire would be a serious impediment to the protection and exercise of the tenant's rights. Plaintiff must therefore disclose reasons for eviction. Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969).
Defendant testified that the sole reason for his eviction is his attempts, in cooperation with other tenants, to have a prior owner respect their rights and specifically, plaintiff's action is motivated by a petition asking for correction of 20 conditions and entitled as follows:
WHEREAS, The tenants of 20-22 Emory Street petition the City Housing and Rehabilitation Division of the Department of Health and Welfare to inspect and list the violations found at the above mentioned building.
*91 The petition was signed by defendant and his wife and 21 other tenants.
Plaintiff's witness quite frankly admitted that the savings and loan association is relying upon representations made by the former owner that defendent was a source of trouble in the building and chronically delinquent in payment of rent, and that it seeks only proper management of the property. The tenant denies failure to pay his rent in time. He states that a first cousin, also a signer of the petition, often withheld his own rent to enforce his rights as a tenant.
The court finds that defendant was not chronically delinquent, and further, that he is being evicted because he signed the above-mentioned petition and is a leader of those seeking protection of tenants' rights and redress of grievances.
This State has by statute made it disorderly conduct "to threaten to or take reprisal against any tenant for reporting or complaining" to a public agency of the existence of any health or building code violation, or a violation of any other municipal ordinance or state law or regulation which has as its objective the regulation of rental premises. N.J.S.A. 2A:170-92.1.
This case does not involve nonpayment of rent or a non-habitable condition of the premises. Therefore, Peters v. Kelly, 98 N.J. Super. 441 (App. Div. 1968), does not apply. A judgment other than for defendant would deprive a tenant of his means of compelling a landlord to correct conditions in or about premises that threaten health and safety that was recognized as a social problem in the Peters case.
Judgment for the defendant.