108 N.J. Super. 395 (1970)
261 A.2d 413
ACADEMY SPIRES, INC., PLAINTIFF,
v.
GEORGE JONES, DEFENDANT, ACADEMY SPIRES, INC., PLAINTIFF,
v.
FLORENCE STEVENSON, DEFENDANT, ACADEMY SPIRES, INC., PLAINTIFF,
v.
KENNETH WILSON, DEFENDANT, ACADEMY SPIRES, INC., PLAINTIFF,
v.
MARIE THOMAS, DEFENDANT, ACADEMY SPIRES, INC., PLAINTIFF,
v.
WILLIAM ROBINSON, DEFENDANT, ACADEMY SPIRES, INC., PLAINTIFF,
v.
KENNETH CHEATHAM, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 22, 1970.
*399 Mr. Norman Malzberg for plaintiff.
Miss Nadine Taub for defendants (Mr. William Rossmoore of Stavis, Richardson, Koenigsberg & Rossmoore, attorney).
MEANOR, J.C.C. (temporarily assigned).
This is a motion by defendant tenants under N.J.S.A. 2A:18-60 to remove these six summary actions for possession to the Superior Court for trial. See Master Auto Parts, Inc. v. M. & M. Shoes, Inc., 105 N.J. Super. 49 (App. Div. 1969). It is sought by removal to utilize Superior Court jurisdiction to determine on the merits an asserted defense to the actions which it is claimed the county district court lacks power to hear.
The summary action for possession provided by N.J.S.A. 2A:18-51 et seq. was reviewed in Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961). There is no appeal from a county district court judgment in such a case unless the challenge be on jurisdictional grounds. N.J.S.A. 2A:18-59; Davidson v. Burstein, 10 N.J. *400 Super. 91 (App. Div. 1950). After the transfer, however, a Superior Court judgment is appealable. N.J.S.A. 2A:18-61. Matters determined in a summary action for possession are not res judicata in a subsequent action between landlord and tenant, even over the same subject matter. Vineland Shopping Center, Inc. v. DeMarco, supra, at 462; Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40 (Sup. Ct. 1920); Terrill Manor, Inc. v. Kuckel, 94 N.J. Super. 25, 28 (App. Div. 1967).
The grounds upon which a landlord may summarily seek possession are set forth in N.J.S.A. 2A:18-53. The most common ground advanced and the one set forth here is, of course, nonpayment of rent. N.J.S.A. 2A:18-53(b). A landlord who unjustifiably seeks and obtains possession may later be held to respond in damages. N.J.S.A. 2A:18-59; Construction and Renting Corp. v. Stein, 6 N.J. Super. 239 (App. Div. 1950); Lyster v. Berberich, 3 N.J. Super. 78 (App. Div. 1949).
Where the ground upon which possession is sought is nonpayment of rent, the tenant may cause the proceedings to cease because of loss of jurisdiction by payment to the clerk of the county district court, "on or before entry of final judgment," of the amount in which he is in default plus costs of the proceeding. N.J.S.A. 2A:18-55; Saveriano v. Saracco, 97 N.J. Super. 43, 47 (App. Div. 1967). Since under N.J.S.A. 2A:18-57 a warrant for possession may not issue until the expiration of three days after entry of judgment for possession, the tenant as a practical matter has three days in which to pay the amount he is in default in order to remain in possession.
The position of the tenants here is that plaintiff has violated the implied warranty of habitability provided by Reste Realty Corporation v. Cooper, 53 N.J. 444 (1969), and thus there has been at least a partial failure of consideration. Compare Unico v. Owen, 50 N.J. 101 (1967).
Under present practice the county district court does not permit litigation of the issue of habitability in a summary *401 action for possession. The tenant in default for nonpayment of rent may forestall eviction only by payment of back rent according to the express terms of his lease  and this is true even if there has been a material failure of consideration because of the landlord's breach of his warranty of habitability. The remedy, it is said, for a tenant who wishes to or must remain in possession is to pay in full the amount called for by the lease and then bring an independent action to recover as damages some of the amount so paid, asserting a partial failure of consideration because of a breach of the warranty of habitability. Thus, a tenant victimized by a landlord's breach of warranty may face the unhappy choice between eviction or payment of money which he does not owe. And a landlord guilty of the most flagrant breach may still evict his tenant or collect in full, and this is true even if the tenant's money is paid to the clerk of the court, for the latter is obligated to turn such funds over to the landlord "forthwith." N.J.S.A. 2A:18-55. While it is possible that any wrongs done to the tenant may be righted in a subsequent action for damages, the tenant who remains in possession (perhaps by the press of economic circumstances coupled with the shortage of adequate housing) has at least been deprived during the period of subsequent litigation of the use of money he should not have had to pay, and the landlord unjustifiably enjoys it for the same span of time.
Where the nonpayment of rent is the basis upon which the landlord seeks possession, it is essential that he establish this default. If the tenant contests the assertion of nonpayment, the county district court must try the issue, including the merits of any equitable bar raised to aid the tenant in meeting the allegation. Vineland Shopping Center, Inc. v. DeMarco, supra. It is a corollary of this that where the extent of the default is disputed, the county district court is obligated to decide that issue as well. If the landlord is correct in his assertion of the fact of nonpayment but is in error in his claim of the amount owed, determination of the *402 extent of default is essential as a prelude to judgment for possession. This for no other reason than that the tenant is entitled to know the sum he must pay to deprive the court of jurisdiction and to put an end to the proceeding. Cf. Vineland Shopping Center, Inc. v. DeMarco, supra; Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 124 (1967).
R. 6:3-4 forbids joinder of a summary action for possession with any other claim and also precludes the filing of a counterclaim or third-party complaint. The rule must of course, be honored and trial of the issue of habitability in a summary action for possession will do no violence to it. Habitability as an issue in such an action in the county district court is subsidiary to a determination of the exact amount of the tenant's default for nonpayment of rent. Thus, the issue of habitability need only be litigated with respect to the period during which the landlord claims the tenant to be in default. To permit the tenant to raise the habitability issue with regard to a time period for which it is not claimed he is in default or for which the rent is already paid would be, in effect, to permit a counterclaim, and this R. 6:3-4 forbids. If the tenant wishes to extend the controversy over a period of time not the subject of the landlord's claim of default, he will have to do so by separate action.
It has been said that to permit habitability to be injected as an issue, even to the limited extent authorized here, would be to flood the county district court with frivolous defenses urged more as a delaying tactic than with any legitimate hope of success. It is doubtful that this is so. It is not easy to assume that litigants will assert and the Bar will perpetuate issues to be tried for impermissible motives. It might be noted that the county district court has discretionary power under N.J.S.A. 2A:42-10.1 and 2A:42-10.6 to delay up to six months the issuance of a warrant for possession. A litigant who has unjustifiably imposed upon the court cannot complain if he later fails to receive the courtesy of a favorable exercise of discretion. Furthermore, *403 proof of breach of the warranty of habitability will not be an easy burden for the tenant to bear. Not every transient inconvenience of living attributable to the condition of the premises will be a legitimate subject of litigation. The warranty is one of habitability and is not a warranty against all inconvenience or discomfort. Reste Realty Corporation v. Cooper, supra, clearly implies that to be actionable the breach must be so substantial as to amount to a constructive eviction. But when the tenant elects to remain in possession the county district court has ample power, when the landlord seeks possession for nonpayment of rent, to offer him the choice between vacating or paying, not what his lease expressly recites but what, in view of the landlord's breach, he truly owes. Any dissatisfaction with the result by either party may be remedied by an independent action for damages in which neither side is bound by any determination made in the summary action for possession. Van Vlaanderen Machine Co. v. Fox, supra. A final judgment in a subsequent action for damages is, of course, appealable. See Construction and Renting Corp. v. Stein, supra.
Defendants here apparently desire to expand their contention of lack of habitability to include a time period not encompassed by the landlord's claim of default for nonpayment of rent. They urge that, in any event, transfer should be ordered so as to permit the broad attack they seek to make upon the habitability of the premises they lease. However, any such suit will almost certainly be within the county district court's monetary jurisdiction, whether the theory thereof be tort or contract. L. 1969, c. 177 (N.J.S.A. 2A:6-34); Avon Sheet Metal Co. v. Heritage House Assoc., 107 N.J. Super. 487 (Dist. Ct. 1969). It certainly is no hardship to the tenants to require them to utilize that forum in which to seek redress. What in effect is sought by transfer is to avoid R. 6:3-4, a motive which certainly does not qualify these cases as "of sufficient importance" to merit transfer under N.J.S.A. 2A:18-60. Master Auto Parts, Inc. v. M. & M. Shoes, Inc., supra, 105 N.J. Super., at 52-53.
*404 Plaintiff relies upon the following dictum from Peters v. Kelly, 98 N.J. Super. 441 (App. Div. 1968):
Also, we think that under existing law, the alleged nonhabitable condition of the leased premises is not a defense to the landlord's suit for possession based on nonpayment of rent. [at 444].
This statement is not apposite. It was issued before Reste destroyed the doctrine of independent covenants, imposed an implied warranty of habitability, and permitted the tenant, upon breach, to elect to vacate or to remain upon payment of the value of the leasehold calculated in light of the breach. The "existing law" mentioned in Peters has changed.
Since the county district court has jurisdiction to consider lack of habitability, as defined in Reste, in a summary action for possession, as a necessary step in determining the accurate amount of a tenant's default in order to enable him to pay that sum to avoid eviction, there is no basis on which these cases should be transferred. The motion is denied.