114 N.J. Super. 124 (1971)
274 A.2d 865
LILIAS BERZITO, PLAINTIFF,
v.
VINCENT GAMBINO, DEFENDANT.
Superior Court of New Jersey, District Court, Union County.
Decided March 5, 1971.
*126 Mr. Nicholas J. Schuldt, of the Union County Legal Services for plaintiff.
Mr. Joseph J. Triarsi for defendant (Messrs. Pisano and Triarsi, attorneys).
McKENZIE, J.D.C.
Presented to the court in this case is the question whether a tenant may recover from the landlord all or a portion of the rent paid in full during a period when the landlord had breached his warranty of habitability.
In June 1968 plaintiff rented from defendant the first-floor apartment at 608 Montgomery Street, Elizabeth, New Jersey. When the second-floor tenants moved out in September she requested permission from the landlord to move to that apartment, which had an extra room. Defendant agreed to rent the second floor to her for $35 a week, furnished. No lease was executed.
On June 18, 1970, following a trial for the summary dispossession of plaintiff on defendant's complaint for nonpayment of rent, this court found that the landlord had breached the warranty of habitability. The court thereupon *127 reduced the rent to $75 a month, retroactive to February 23, 1970, covering the period during which plaintiff had failed to pay rent.
Plaintiff now seeks to recover rent paid prior to February 23, 1970, alleging that the landlord's default in the performance of his obligation continued through the entire period of the tenancy and therefore he was not entitled to the rent monies previously paid in full. The landlord, on the other hand, counterclaims for the rent remitted by the court.
The initial question which arises is whether the findings of the court in the dispossess suit are res adjudicata in the present case. Since the prior proceeding was summary in nature, and afforded to the litigants no right of appeal on the merits, they are not bound by the prior ruling and are entitled to a full hearing on the matters raised. Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970); Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40 (Sup. Ct. 1920).
Having heard the matter de novo, including additional evidence not presented in the summary proceeding, the findings of the court remain substantially the same. While the landlord attempted during trial to minimize the number and extent of defects in plaintiff's apartment, and attributed the problems largely to the habits and conduct of plaintiff and her children, the court finds that the premises were in fact substantially uninhabitable. Even an incomplete and undetailed enumeration of the conditions encountered by the tenant demonstrates this finding of the court: few screens, some ripped; no storm windows; missing windows boarded up; gaps in window panes, sash and door frames; no radiators in two of the four rooms; holes in floors and walls; falling plaster; bathtub resting on wooden blocks; inoperable electric fixtures; sewage backup in cellar, and infestation by roaches and rodents. As an example of how one problem aggravated another, the regulator for the oven, which was a main source of heat, had to be replaced, but the gas company *128 refused to do so until the roaches had been exterminated. In addition, the furniture with which the apartment was furnished was discarded by the tenant without objection from the landlord.
The court further finds that the efforts of the landlord to remedy these conditions were feeble and tardy, and then only made when prodded by the court and municipal authorities.
In Marini v. Ireland, 56 N.J. 130 (1970), a dispossess suit for nonpayment of rent, it was held that there is an implied covenant by a landlord that the demised premises shall be and remain free of latent defects in its vital facilities so as to be suitable for habitation. The question raised is whether this rule is to be applied in a suit on contract for the rent, as contrasted with a suit to evict the tenant summarily. While a distinction must be recognized between the two forms of relief, Marini and its predecessor, Reste Realty Corp. v. Cooper, 53 N.J. 444 (1969), clearly engraft onto the rental agreement a covenant by the landlord, a default in the performance of which will bar his claim for payment of the rent in full, not only in a dispossess suit but also in an action for the rent itself. Not only is this hornbook contract law, but to hold otherwise would create an obvious anachronism.
As to the tenant's claim for a portion of the rent, it should be noted that in Marini and Reste Realty Corp., as well as in Academy Spires v. Jones, supra, 108 N.J. Super. 395 and Academy Spires v. Brown, 111 N.J. Super. 477 (Cty. D. Ct. 1970), the application of the rule was limited to situations involving latent defects or failures of performance by the landlord which took place after the letting. See also in other jurisdictions, Lemle v. Breeden, 462 P.2d 470 (Hawaii Sup. Ct. 1969); Javins v. 1st Nat'l Realty Corp., 428 F.2d 1071 (D.C. Cir.1970); Pines v. Perssion, 14 Wis.2d 590, 111 N.W.2d 409 (Sup. Ct. 1961).
Here the defects for the most part existed and were obvious to plaintiff at the time she rented the premises. May a tenant *129 who is a victim of the critical shortage of urban housing enter into a rental agreement, accept possession of the premises, and thereafter require the landlord to render the demised premises suitable for habitation although their condition is known at the time of the letting? It would seem that the answer must be in the negative. One who agrees in effect to accept the premises "as is" should not be allowed to obtain an agreement from the landlord as to the rent to be paid, take possession, and then require repairs and improvements by the landlord. See Reste Realty Corp. v. Cooper, supra, 53 N.J. at 455; Friedman v. Tappan Development Corp., 22 N.J. 523 (1956); Seire v. Police and Fire Pension Comm'n of Orange, 4 N.J. Super. 230 (App. Div. 1949); Upper Greenwood Lake Property Owners Ass'n v. Grozing, 6 N.J. Super. 538 (Ch. Div. 1949).
An opposite conclusion would not be of economic benefit to the tenant in any event. A landlord obliged to make improvements to the premises would be entitled to increase the rent substantially, so that the tenant in most cases would be obliged in turn to seek other living quarters.
However, this question need not be resolved in the present case. Here the tenant testified, and the court finds, that the landlord specifically promised plaintiff when she moved to the second floor that he would make the premises "liveable," and agreed to make specific repairs. Thus we have here an express covenant rather than an implied warranty of habitability.
Inherent in the agreement of the landlord to make the premises "liveable" would be the alleviation of many of the conditions mentioned. As already stated, he failed to take the necessary steps to accomplish this, but the tenant continued to pay the weekly rent in full for a period of almost a year and a half. Did she thereby waive the breach by the landlord? I think not.
"Waiver" is the voluntary and intentional relinquishment of a known right. Crawford v. Winterbottom, 88 N.J.L. 588 (Sup. Ct. 1916); Williston on Contracts (3d ed. § 678). Our *130 Supreme Court has recommended sympathy to the plight of the tenant, and caution in applying the rule of waiver. Reste Realty Corp. v. Cooper, supra, 53 N.J. at 461. Considering the virtual absence in the Elizabeth area of vacant housing available to low-income families with children, which is plaintiff's situation, it cannot be said that plaintiff voluntarily relinquished her claim. With no husband, and thus solely responsible for the welfare of her children, plaintiff went along for months hoping that defendant would perform, and not in a position to make an issue of his failure to do so. In addition, of course, during the rental period in question plaintiff's right to withhold rent under the circumstances had not been clearly established by our courts, so that she could not be held to have knowingly waived the same.
There having been a partial failure of consideration, plaintiff is entitled to recover as damages the loss of her bargain: the difference between the value of the premises in their actual condition and the rent paid. See Giumarra v. Harrington Heights, 33 N.J. Super. 178 (App. Div. 1954), aff'd 18 N.J. 548 (1955).
The court previously held the fair rental value of the premises was $75 a month during the period then in question. The same conditions which existed then prevailed during the period now in issue. Lack of adequate heat during cold months would be balanced by insect and ventilation problems experienced in warm weather.
Defendant would be entitled, within the intention of the parties, to approximately one month to complete the repairs and improvements promised to make the premises habitable. For the period November 1968 through February 1970 the fair rental value was a total of $1,200. The landlord received $2,380. Plaintiff is entitled to a judgment in the sum of $1,180.
The court recalls from the original proceeding that the plaintiff was a welfare recipient during the period in question, and as such received from the Union County Welfare *131 Board an allotment which included the rent in full which she paid to the landlord. If so, the rent monies to be refunded hereunder should properly be paid to the Union County Welfare Board and not plaintiff herself. The amount of the judgment shall be paid into court, the ultimate disposition of the monies to abide the outcome of such application as may be made by said parties, unless they can agree on the terms of a consent order.