116 N.J. Super. 500 (1971)
282 A.2d 790
LEONARD J. SCHLESINGER, PLAINTIFF,
v.
LAWRENCE BROWN, DEFENDANT.
Superior Court of New Jersey, Essex County District Court.
Decided October 12, 1971.
*501 Mr. Louis J. Anzalone, attorney for plaintiff.
Mr. Lawrence Brown pro se.
YANOFF, P.J.D.C.
The narrow issue in this case is whether a landlord in a week-to-week tenancy may have relief by way of dispossess pursuant to the provisions of N.J.S.A. 2A:18-53(a).
Defendant is a week-to-week tenant who was served with two weeks' notice to vacate. There is no question that the form of notice is sufficient and that service was made in compliance with the requirements of the statute. The basic difficulty is that the District Court Act, N.J.S.A. 2A:18-51 et seq., makes no provision for dispossess in holdover cases in tenancies of this kind. I therefore am constrained to hold in favor of the tenant for the reasons set forth hereafter.
*502 At common law the landlord's sole method of obtaining possession from a defaulting or holdover tenant was by action of ejectment. Den ex dem. Decker v. Adams, 12 N.J.L. 99 (Sup. Ct. 1830); Den ex dem. McEowen v. Drake, 14 N.J.L. 523 (Sup. Ct. 1835); Den v. Wade, 20 N.J.L. 291 (Sup. Ct. 1844).
Thus a landlord's power to dispossess his tenant by summary proceedings is entirely the creation of statute. The first dispossess act in this state was L. 1847, p. 142, cited in Hopper and Broomhead ads. Chamberlain, 34 N.J.L. 220 (Sup. Ct. 1870).
23 N.J. Practice (LeWine, Landlord & Tenant Law), § 3231 at 486 (1962) states:
Summary dispossession proceedings are a special action created by statute for the purpose of enabling a landlord to recover from his tenant the possession of real estate speedily and easily. This action was intended to overcome the obstacles incident to ejectment whereby the tenant could resort to technical delays and withhold the possession of the premises for an indefinite period.
The sole purpose of the statute is to enable the landlord to recover possession in proper case and the resulting judgment is not res adjudicata. McWilliams v. King, 32 N.J.L. 21 (Sup. Ct. 1866); Hopper and Broomhead ads Chamberlain, supra; Van Vlaanderen Machine Co. v. Fox, 95 N.J.L. 40 (Sup. Ct. 1920); Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970); Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459, 462 (1961).
In the event the landlord wrongfully exercises the power to dispossess, the tenant's remedy is by way of action against the landlord. Section 59 of the statute (N.J.S.A. 2A:18-59) explicitly provides that a landlord shall remain liable in a civil action for "unlawful proceedings." Academy Spires, Inc. v. Jones, supra, at 400; Construction & Renting Corp. v. Stein, 6 N.J. Super. 239 (App. Div. 1950).
*503 It has long been the rule that the District Court Act must be strictly followed if the landlord is to be given relief under it. The cases cited by the court in Marini v. Ireland, 56 N.J. 130 (1970), 137-138 make clear that the power of the County district court to dispossess is confined to the areas conferred upon it by the statute. Although that case involved a nonpayment of rent situation, the court's statement that
The jurisdictional issue, i.e., the statutory basis for removal, can be twice raised in a dispossess action. First, by motion directed at the complaint for failure to accurately allege the necessary facts with particularity.
Second, on trial for failure to adduce adequate proof to corroborate the allegations of the complaint. [at 138; emphasis added]
is applicable in the present context.
Examining the statute we find that the county district court's power to remove in a holdover situation is limited. Section 56 of the statute (N.J.S.A. 2A:18-56) provides:
No judgment for possession in cases specified in paragraph "a" of Section 2A:18-53 of this title shall be ordered unless:
a. The tenancy, if a tenancy at will or from year to year, has been terminated by the giving of 3 months' notice to quit, which notice shall be deemed to be sufficient; or
b. The tenancy, if a tenancy from month to month, has been terminated by the giving of 1 month's notice to quit, which notice shall be deemed to be sufficient. * * *
Obviously, week-to-week tenancies are not comprehended within the statute. Obviously, also, if the tenancy be construed as one "at will," which I doubt  see Gretkowski v. Wojciechowski, 26 N.J. Super. 245, 248 (App. Div. 1943); Standard Realty Co. v. Gates, 99 N.J. Eq. 271, 276 (Ch. 1926)  two weeks' notice does not satisfy the three-month requirement.
It is argued on behalf of the landlord that a periodic tenancy is terminated by the giving of notice equivalent to the period of the tenancy. This is probably the law. Steffens *504 v. Earl, 40 N.J.L. 128, 134 (Sup. Ct. 1878); Doe on the Demise of Finlayson v. Bayley, 5 C. and P. 67 (1831); 23 N.J. Practice, supra, § 3203 at 469. However, mere termination of the tenancy does not entitle the landlord to the summary relief afforded by the dispossess proceeding. In order to exercise rights under the statute he must comply also with the jurisdictional prerequisites laid down by the District Court Act. One of the prerequisites is that he give notice as prescribed by the statute. See Standard Realty Co. v. Gates, supra; Tierney v. Tierney, 4 N.J. Misc. 241 (Sup. Ct. 1926); LeWine, New Jersey Landlord and Tenant Law (2d ed. 1942), § 53 at 123, carefully analyzes the differences among the various notices which a landlord must give a tenant in order to be entitled to possession, saying:
"Notice and demand for possession" refers to the statutory notice and demand which must be served upon a tenant as a condition precedent to the institution of summary dispossession and unlawful detainer proceedings.
In Bhar Realty Corp. v. Becker, 49 N.J. Super. 585 (App. Div. 1958), the court said:
A "notice to quit" is required in order to terminate a tenancy when the tenancy is at will, or from month to month or year to year. N.J.S. 2A:18-56 [citations omitted]. We emphasize the distinctions between the aforesaid "notice to quit" under N.J.S. 2A: 18-56 and the procedural requirement of a "demand * * * for delivery of possession" which is a statutory prerequisite for the institution of a summary action for possession under N.J.S. 2A:18-53.
The demand for possession must be distinguished from the notice to quit which has for its purpose the termination of the tenancy. The purpose of the demand for possession is to give the tenant the opportunity to remove voluntarily when his term has expired. It is a condition precedent to the institution of the action. It must be served where the tenancy expires by its own terms and no notice to quit is required. It must also be served in cases in which a notice to quit is required to terminate the tenancy. In the last mentioned type of case, the demand for possession may be included in the notice to quit, or it may be separately served. 18 N.J. Practice District and Municipal Courts, § 1541, p. 111. * * *
*505 This is not a dispossess action. We are therefore concerned only with the sufficiency of the "notice to quit." * * * [at 588; emphasis added]
Notably, LeWine does not list week-to-week tenancies among those as to which summary dispossess may be maintained. 23 N.J. Practice, supra, §§ 3321-3326 at 509.
I have made diligent search for reported cases in which dispossess has been granted in week-to-week tenancy holdover situations. No such case has been cited by counsel and I have found none. Steffens v. Earl, supra, involved a month-to-month tenancy. Doe on the Demise of Finlayson v. Bayley, supra, was an action in ejectment.
This does not mean that the landlord is without remedy. Under our current rules, he may still maintain a possessory action at law. Terrill Manor, Inc. v. Kuckel, 94 N.J. Super. 25, 28 (App. Div. 1967).
The result is judgment for defendant.