97 N.J. Super. 43 (1967)
234 A.2d 244
CONCETTA SAVERIANO, PLAINTIFF-RESPONDENT,
v.
PHILOMENA SARACCO AND SEBASTIAN SARACCO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1967.
Decided September 29, 1967.
*44 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Dominic Cavaliere argued the cause for appellants.
Mr. David B. Perley argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendants appeal from a county district court judgment for possession, as well as from the order for warrant for possession, in a summary dispossess *45 action under N.J.S. 2A:18-53(b) brought by plaintiff for failure to pay rent. The appeal comes before us on a statement in lieu of record approved by the trial judge. R.R. 1:6-3.
The position taken by defendants at the trial was that they had mailed the rental checks for the month in issue, and if plaintiff had not received them they were willing to pay the rent into court forthwith. The trial judge nonetheless entered judgment for possession on August 12, 1966, with the direction, "Warrant not to issue; Hold." Defendants thereupon immediately paid to the clerk of the court the rent in question and costs, totalling $157.90. On November 30, 1966 plaintiff moved on a rule to show cause why the warrant for possession should not issue. After considering the affidavits filed and the arguments of counsel, the motion was granted. Thereafter, upon representation by defense counsel that he would forthwith take an appeal, the trial judge stayed the issuance of the warrant for possession pending determination of such appeal.
The only question here is whether the trial court had jurisdiction to direct the issuance of a warrant for possession. Indeed, jurisdiction is the only question that may be presented on appeal, N.J.S. 2A:18-59 providing, in pertinent part, that "Proceedings had by virtue of this article [N.J.S. 2A:18-53 et seq.] shall not be appealable except on the ground of lack of jurisdiction."
Did jurisdiction terminate with the payment of the rent and costs to the clerk? This question must be answered in light of N.J.S. 2A:18-55, which reads:
"If, in actions instituted under paragraph `b' of section 2A:18-53 of this title, the tenant or person in possession of the demised premises shall at any time on or before entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped. The receipt of the clerk shall be evidence of such payment.
The clerk shall forthwith pay all moneys so received to the landlord, his agent or assigns." (Italics ours)
*46 The policy reflected in cases dealing with summary proceedings of the type here involved is that where there is an alleged failure to pay rent, forfeiture is to be avoided where the rent and costs have actually been paid. This general view applies at least where payment is made before final judgment. Cf., e. g, Vineland Shopping Center, Inc. v. De Marco, 35 N.J. 459 (1961); Seidel v. Cahajla, 129 N.J.L. 314 (Sup. Ct. 1943). The De Marco court held that inasmuch as equity could prevent a forfeiture under the facts there present, the county district court, which must apply the rules of court prevailing with respect to the raising of equitable defenses (see R.R. 5:2-1), should have considered the equitable defense of payment before suit under the appropriate statute, so as to prevent forfeiture. The court said:
"* * * [T]he summary proceeding is designed to secure performance of the rental obligation, and hence, it having been performed, the summary remedy may not be further pursued." (at page 469)
The order of dispossession for nonpayment of rent was therefore reversed.
By contrast to De Marco, where the rent obligation was paid before final judgment, in this case the rent was not paid until directly after final judgment was entered, although tendered before the termination of the case.
It is a general rule of statutory construction and part of our law, R.S. 1:1-1, that "words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language. * * *" The word "or" is ordinarily considered a disjunctive particle, indicating an alternative. Murphy v. Zink, 136 N.J.L. 235 (Sup. Ct. 1947), affirmed o.b. 136 N.J.L. 635 (E. & A. 1948). It generally corresponds with the word "either." Crawford, The Construction of Statutes, § 188, p. 322 (1940). N.J.S. 2A:18-55 refers *47 to payment "on or before" entry of final judgment. "On" is generally defined as "a function word to indicate position with regard to * * * time; esp. * * * (4) occurrence at the same time as or following or as a result of something * * *." Webster's New International Dictionary (3d ed. unabridg. 1961), p. 1574. Applying these definitions in light of the equitable policy against forfeiture, and the more specific application of that policy under the dispossess statute as exemplified in the De Marco case, it does no violence to the statute or to its interpretation to read the word "on" in its usual sense and to hold it to mean that where there is a final judgment of dispossession and defendant, while court is still in session, immediately after judgment pays the disputed rent plus costs to the clerk, the statute (N.J.S. 2A:18-55) has been satisfied. All proceedings must stop, and the court's jurisdiction over the suit ends except for the single fact of terminating the action.
Accordingly, under this construction and the particular facts of this case, the county district court lost all jurisdiction to issue its warrant for possession when defendants paid the rent and costs to the clerk. All proceedings in that court subsequent to defendants' payment are of no legal effect, the power of the court over the subject matter having ceased.
We consider our interpretation as accordant with the legislative purpose manifest in N.J.S. 2A:18-55. The statute obviously reflects the particular importance which the Legislature attaches to the avoidance of a forfeiture of a leasehold in the case of simple failure to pay rent where the fact of payment, as here, is in dispute. No such period of grace is granted the tenant with respect to any of the other acts the doing of which gives the county district court jurisdiction summarily to dispossess the tenant and order his removal. See N.J.S. 2A:18-53. It is important to emphasize that defendants paid the rent and costs in good faith immediately upon the adjudication of their liability. They had, apparently, honestly disputed in season plaintiff's claim of nonpayment. They should not be penalized with so drastic a measure as *48 forfeiture for honestly defending what they considered to be their rights.
Reversed with directions to dismiss the dispossess warrant by reason of lack of jurisdiction, and to mark the judgment satisfied.