136 N.J. Super. 131 (1975)
344 A.2d 794
WORKMAN'S AUTOMATIC MUSIC SERVICE, INC., A PENNSYLVANIA CORPORATION, PLAINTIFF,
v.
NEW COLONY DINER, INC., DEFENDANT.
Superior Court of New Jersey, District Court  Camden County.
August 19, 1975.
Mr. Francis E. Malloy for plaintiff.
Mr. Steven D. Weinsten for defendant (Mr. Lewis Katz, a professional corporation).
DI MARTINO, P.J.D.C.
This matter is presently before the court on an application to direct the clerk to issue a warrant for removal of the tenant.
*132 The factual background is important to a determination of this issue. Plaintiff landlord instituted a dispossess proceeding under N.J.S.A. 2A:18-53(b) for nonpayment of rent due and owing through May 1975 in the amount of $3,624.97. Thereafter the landlord made a motion for summary judgment, alleging that there was no substantial issue of fact and that it was entitled to a judgment as a matter of law. On the return day of the motion it was noted by the court that the tenant did not file counter-affidavits, but upon request of counsel continued the motion for one week to permit the filing of an affidavit. On August 8, 1975 the court denied the application for summary judgment and scheduled the trial for August 12, 1975.
Prior to trial counsel stipulated that the complaint be amended to include allegations that the rents for June, July and August were also not paid, and these months were also to be considered as part of the cause of action.
Testimony was received and the court determined that defendant was in arrears in the amount of $6,246.38 and accordingly granted judgment for possession in favor of plaintiff.
There is no dispute that on August 15, 1975 the tenant offered a cashier's check for the full amount of the arrearages plus costs, and the landlord refused to accept the tender.
On August 18, 1975 the court was advised of the tender. The tenant then deposited the amount of the arrearages plus costs with the clerk of the county district court.
The reason that the amount involved is so substantial is because the demised premises are commercial and involve a diner. The position of the tenant is that by the payment of the proceeds into court the proceedings must cease because of the provisions of N.J.S.A. 2A:18-55. That statute provides that where the ground upon which possession is sought is nonpayment of rent, the tenant may cause the proceedings to cease because of loss of jurisdiction by payment *133 to the clerk of the county district court "on or before the entry of final judgment."
The tenant herein relies upon the language of County Judge Meanor in Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970), as follows:
Since under N.J.S.A. 2A:18-57, a warrant for possession may not issue for three days after judgment for possession, the tenant as a practical matter has three days in which to pay the amount he is in default in order to remain in possession.
This issue does not appear to have been decided by any appellate court of our State. Succinctly stated, the issue is whether the rent can be paid within three days of the entry of final judgment in order to remove the court's jurisdiction.
Two observations are appropriate. First, the language in Academy Spires was not necessary to the determination of any issue in that case and was, therefore, dictum. Secondly, N.J.S.A. 2A:18-55 expressly provides for payment to be made "on or before entry of final judgment."
Final judgment in the present case was entered on August 12, 1975. However, the warrant could not issue until August 18, 1975 (because the appropriate time for issuance would be extended since it fell on Saturday and Sunday.)
The judge in the Academy Spires case relied on Saveriano v. Saracco, 97 N.J. Super. 43 (App. Div. 1967), for the decision referred to above. A reading of that case does not support the conclusion that the payment of rent can be made within three days after entry of final judgment. In that case, after the court heard the testimony, it entered judgment for possession with the direction, "Warrant not to issue; Hold." Defendants thereupon immediately paid to the clerk the rent in question and costs. The court later ordered the issuance of the warrant but stayed it pending appeal.
*134 The Appellate Division reversed. The court based its reversal on its interpretation of the word "on" in the statute. The court stated that
* * * it does no violence to the statute or to its interpretation to read the word "on" in its usual sense and to hold it to mean that where there is a final judgment of dispossession, and defendant, while court is still in session, immediately after judgment pays the disputed rent plus costs to the clerk, the statute (N.J.S.A. 2A:18-55) has been satisfied. [Emphasis supplied]
This language and this interpretation certainly cannot be stretched to permit payment the next day or, as in the present case, on the fourth business day after the entry of final judgment. This is so despite the policy reflected in cases dealing with summary proceedings of the type here involved that a forfeiture is to be avoided where the rent and costs have actually been paid. That view applies only where payment is made "on or before entry of final judgment." Saveriano v. Saracco, supra; Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961); Seidel v. Cahajla, 129 N.J.L. 314 (Sup. Ct. 1943).
In Newark Housing Authority v. West, 132 N.J. Super. 229 (App. Div. 1975), the court held that in a summary proceeding to dispossess a tenant for nonpayment of rent, the court could not stay the issuance of a warrant to permit the tenant to pay the arrearages over a period of time. The language employed by the court quite clearly indicates that in a dispossess proceeding for nonpayment of rent under N.J.S.A. 2A:18-53, "once a default has been established and judgment for possession has been entered, the county district court is without jurisdiction to stay the issuance of the warrant for removal," with an exception not here pertinent.
This court concludes that unless the rent is paid before the entry of final judgment or while the court is in session on the day of judgment, the landlord is entitled to possession *135 pursuant to judgment. The tender to the landlord or payment into court thereafter does not vitiate the judgment.
The warrant will issue.