171 N.J. Super. 466 (1979)
410 A.2d 59
JOSEPH E. STANGER, INDIVIDUALLY AND TRADING AS TIP'S TRAILER PARK, PLAINTIFF-APPELLANT,
v.
LARRY RIDGEWAY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 22, 1979.
Decided December 7, 1979.
*468 Before Judges BISCHOFF, BOTTER and DWYER.
Samuel J. Serata, attorney for appellant.
Joel Solow of the Camden Regional Legal Services, attorney for respondent.
BY THE COURT.
Plaintiff landlord appeals from the order dismissing summary dispossess proceedings against defendant tenant, entered on August 14, 1978. On that date defendant applied for an order to show cause with temporary restraints against execution of the warrant of removal. This warrant was issued following entry of judgment of possession in favor of plaintiff on the ground of nonpayment of rent. However, since the warrant was issued prior to the expiration of the three-day time period prescribed in N.J.S.A. 2A:18-57, it was void. The judge did not sign the order to show cause but ordered the proceeding dismissed on the ground that defendant had paid the rent found to be due and owing. On this appeal plaintiff, in essence, contends that once he obtained a judgment of possession the court was without jurisdiction to subsequently terminate the proceedings. Defendant counters that the summary dispossess proceeding under the Landlord and Tenant Act, N.J.S.A. 2A:18-53 et seq., allows a tenant to remain in possession by paying the rent at any time prior to the issuance of the warrant. Alternatively, defendant contends that under the circumstances of this case it would be inequitable to permit plaintiff to evict him.
The relevant facts are not in dispute. Plaintiff owns and operates a trailer park in Fairfield Township, where defendant is a tenant. In the summer of 1976 defendant began to withhold rent on the ground that the pad for his trailer was not level and this condition rendered his trailer uninhabitable. Nearly a *469 year later plaintiff instituted this summary dispossess proceeding on the ground of nonpayment of rent. N.J.S.A. 2A:18-61.1(a). Attempts to settle the matter were unsuccessful. Pending the outcome of the litigation defendant had been depositing in a savings account sums sufficient to pay the accruing rent.
The dispossess action was tried on July 17, 1978. Plaintiff testified that defendant owed $1,490 in back rent. Defendant presented evidence pertinent to his habitability defense. It is undisputed that at the time of trial there was $1,800 in defendant's savings account, or $300 more than needed to pay the rent claimed to be due and owing.
The trial judge found that plaintiff had not breached an implied warranty of habitability and therefore ordered no abatement. At the conclusion of his oral opinion the judge directed entry of judgment for possession in favor of plaintiff. This was immediately followed by defense counsel's statement that it should be clear for the record "that should the money that is due and owing as determined by you be paid before the warrant of removal issues, then the case is dismissed." The trial judge, without any objection from plaintiff's counsel, agreed, saying: "If the money is paid then the action is dismissed, absolutely." He stated that it was his understanding that the summary dispossess proceeding required dismissal if the rent is paid in full prior to the execution of the warrant of removal.
Two days after the trial the court clerk issued a warrant of removal but, as we have indicated, the warrant was void. The next day defendant paid, and plaintiff's attorney accepted, $1,500 covering the back rent and costs. The warrant of removal was served the following day.
Defendant immediately filed his application for an order to show cause for a permanent injunction against execution of the warrant of removal. The judge who heard the matter (not the trial judge) held that defendant's payment of the back rent *470 voided the judgment of possession and he consequently dismissed the action. Plaintiff filed a timely notice of appeal.
Resolution of the issue raised hinges upon the interpretation to be given §§ 55 and 57 of the summary dispossess procedure under the Landlord and Tenant Act, N.J.S.A. 2A:18-53 et seq. N.J.S.A. 2A:18-55 provides:
If, in actions instituted [for possession based on nonpayment of rent] the tenant or person in possession of the demised premises shall at any time on or before entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped. The receipt of the clerk shall be evidence of such payment.
The clerk shall forthwith pay all moneys so received to the landlord, his agent or assigns.
N.J.S.A. 2A:18-57 provides:
If no sufficient cause is shown to the contrary when the action comes on for trial, the court shall issue its warrant to any officer of the court, commanding him to remove all persons from the premises, and to put the claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of the person in possession.
No warrant of removal shall issue until the expiration of 3 days after entry of judgment for possession.
R.S. 2:32-269, the predecessor of N.J.S.A. 2A:18-55, provided that the tenant could stop the proceedings only if he paid the back rent "on or before the return day of the said summons." L. 1898, c. 228, § 108 at 599, as amended by L. 1908, c. 49, § 25 at 86; see Red Oaks, Inc. v. Dorez, Inc., 118 N.J. Eq. 198 (Ch. 1935), rev'd 120 N.J. Eq. 282 (E. & A. 1936), on remand 117 N.J.L. 280 (Sup.Ct. 1936). The law was changed in 1943 when the Legislature substituted the words "entry of final judgment" for the words "the return day of the said summons." L. 1943, c. 66. According to the sponsor's statement:

*471 This act is amended to clarify the existing act and to fix a time certain when defendants may pay into court the amount of rent in arrears together with accrued costs of the proceedings and thereby stop all further proceedings in the cause. There has been some confusion in the courts as a result of the uncertain time limit in which defendants may pay into court.
The purpose of N.J.S.A. 2A:18-55 is to prevent a forfeiture when the rent, though late, is eventually paid. In Vineland Shopping Center, Inc. v. De Marco, 35 N.J. 459 (1961), the Supreme Court explained:
The statute thus adopts an approach somewhat akin to the equitable doctrine relieving from forfeiture for non-payment of a monetary obligation. Expressed another way, the summary proceeding is designed to secure performance of the rental obligation, and hence, it having been performed, the summary remedy may not be further pursued. [at 469]
Consistent with this interpretation we have construed N.J.S.A. 2A:18-55 as requiring dismissal of the proceedings if the tenant pays the disputed rent plus costs to the clerk immediately after a judgment of possession is entered while the court is still in session. Saveriano v. Saracco, 97 N.J. Super. 43 (App.Div. 1967). In Saveriano we reasoned:
... N.J.S. 2A:18-55, N.J.S.A. refers to payment "on or before" entry of final judgment. "On" is generally defined as "a function word to indicate position with regard to ... time; esp.... (4) occurrence at the same time as or following or as a result of something...." Webster's New International Dictionary (3d ed. unabridg. 1961), p. 1574. Applying these definitions in light of the equitable policy against forfeiture, and the more specific application of that policy under the dispossess statute as exemplified in the De Marco case, it does no violence to the statute or to its interpretation to read the word "on" in its usual sense and to hold it to mean that where there is a final judgment of dispossession and defendant, while court is still in session, immediately after judgment pays the disputed rent plus costs to the clerk, the statute (N.J.S. 2A:18-55, N.J.S.A.) has been satisfied. All proceedings must stop, and the court's jurisdiction over the suit ends except for the single fact of terminating the action. [at 46-47]
*472 In light of the Legislature's policy against forfeiture, we held that it would do violence to the spirit of N.J.S.A. 2A:18-55 to allow the landlord to evict the tenant where the rent had been held following a good faith dispute over the amount of rent due and owing. Id. at 47-48.
The notion that a tenant could terminate proceedings by paying back rent at any time before issuance of the warrant of removal first crept into our jurisprudence in Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970). It was there stated:
Where the ground upon which possession is sought is nonpayment of rent, the tenant may cause the proceedings to cease because of loss of jurisdiction by payment to the clerk of the county district court, "on or before entry of final judgment," of the amount in which he is in default plus costs of the proceeding. N.J.S.A. 2A:18-55; Saveriano v. Saracco, 97 N.J. Super. 43, 47, 234 A.2d 244 (App.Div. 1967). Since under N.J.S.A. 2A:18-57 a warrant for possession may not issue until the expiration of three days after entry of judgment for possession, the tenant as a practical matter has three days in which to pay the amount he is in default in order to remain in possession. [at 400]
However, the above language is dictum, since the issue in Academy Spires was whether a tenant could raise a habitability defense in a summary dispossess action. The court was not concerned with payment of rent after entry of judgment since the habitability issue had not yet been tried.
Subsequent trial court decisions have been split. In Workman's Automatic Music Service, Inc. v. New Colony Diner, Inc., 136 N.J. Super. 131 (Cty.D.Ct. 1975), the court, relying on the express language of N.J.S.A. 2A:18-55 and our opinion in Saveriano v. Saracco, supra, held that the failure to pay the rent prior to or on the day of judgment entitled the landlord to possession of the premises, notwithstanding the tenant's offer to pay the amount due prior to issuance of the warrant of removal. On the other hand, in Azar v. Jabra, 167 N.J. Super. 543 (Cty.D.Ct. 1979), the court held that payment after judgment but before issuance of the warrant terminated the proceedings. The court reasoned *473 that the "final judgment" referred to in N.J.S.A. 2A:18-55 was in fact the warrant of removal.
We hold that to terminate proceedings under N.J.S.A. 2A:18-55 the rent must be deposited on or before the day that judgment is entered. The statute admits of no other construction. In county district court actions, including summary dispossess proceedings, entry of final judgment occurs immediately after the judge renders his decision. R. 6:6-4 provides that "upon determination by a judge sitting without a jury, the clerk shall note the judgment on the jacket and it shall take effect forthwith." (Emphasis supplied).
We disagree with the court's rationale in Azar v. Jabra, supra, that the final judgment referred to in N.J.S.A. 2A:18-55 was intended by the Legislature to be the warrant of removal. Rather, the warrant of removal is merely the means by which the landlord can enforce the underlying judgment. It is akin to a wage execution or any other process to enforce a money judgment. See R. 4:59-1; R. 6:7-1, 3. By prohibiting issuance of the warrant until three days after judgment the Legislature simply intended to give the tenant an opportunity to remove his belongings and find other quarters. That is, under the statute the tenant has a "grace period" of at least three days. Furthermore, he can remain in possession for up to an additional six months if he shows a hardship and pays all arrearages and subsequently accruing rent. N.J.S.A. 2A:42-10.6. However, the tenant may nullify the judgment under N.J.S.A. 2A:18-55 only if he pays the amount found due and owing on the day judgment is entered.
We are, however, convinced that to allow plaintiff to evict defendant under the circumstances herein would be a perversion of justice. R. 4:50-1, applicable to county district courts through R. 6:6-1, permits a court to relieve a party from a final judgment for (a) mistake, inadvertence, surprise, or excusable neglect; ... (e) ... or [where] it is no *474 longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order. [R. 4:50-1]
Here defendant withheld his rent in good faith in order to raise a habitability defense. At the time of trial he had more than enough in his savings account to pay the back rent. In light of the uncertain state of the law his failure to bring the money to court was at most inadvertence or excusable neglect.
Furthermore, the purpose of the summary proceeding is to secure performance of the obligation to pay rent. Vineland Shopping Center, Inc. v. De Marco, supra, 35 N.J. at 469. The rent having been paid here, "it is no longer equitable that the judgment or order should have prospective application." R. 4:50-1(e); R. 6:6-1. The law has always disfavored forfeitures of the tenant's estate. Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 127 (1967). This policy is particularly applicable in view of our current legislatively and judicially recognized shortage of residential rental housing. See N.J.S.A. 2A:18-61.1; Stamboulos v. McKee, 134 N.J. Super. 567, 572 (App.Div. 1975).
We also think that plaintiff should be estopped from enforcing the judgment of possession. At trial the judge assured defendant in the strongest possible terms that the action would be dismissed if defendant paid the rent prior to execution of the warrant. Plaintiff's attorney at no time urged a contrary position. Nor did he demand immediate payment of the rent. By his silence both before and during that hearing plaintiff's attorney induced defendant to believe that he had three days to pay the rent found due. Plaintiff had a duty to speak, and by his silence he is estopped from urging that defendant should be evicted because he failed to pay the rent on the day of the trial. See Summer Cottagers' Ass'n of Cape May v. Cape May City, 19 N.J. 493, 503-04 (1955). A party cannot take one position in a *475 judicial proceeding and then, after reliance by the other party, urge a contrary position. See Vogel v. Red Star Express Lines, 73 N.J. Super. 534, 542-43 (App.Div. 1962), aff'd 40 N.J. 44 (1963).
There is no doubt that defendant had enough money to pay the rent and would have brought it with him at plaintiff's request. Moreover, had plaintiff at the original trial insisted on receipt of the rent found due on that day, the judge could have stayed entry of judgment for a period sufficient to enable defendant to go to his bank and return with the funds.
In reviewing the docket of the proceedings below we note that the trial judge on September 18, 1978 signed a judgment of possession which is reflected in the docket. We affirm the order dismissing the proceedings and direct that this disposition be properly noted on the docket.
The order dismissing the action is affirmed.