622 A.2d 1343

HOUSING AUTHORITY OF THE TOWN OF MORRISTOWN,
PLAINTIFF–APPELLANT, v. CATHY LITTLE,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 2, 1993—Decided April 5, 1993.

Before Judges ANTELL, DREIER [1] and SKILLMAN.

*Erica Sawyer* argued the cause for appellant (*Mandel, Berezin, Booker & Rodner,* attorneys, *Ernest R. Booker,* of counsel, *Ms. Sawyer,* on the briefs).

*Gerald R. Brennan* argued the cause for respondent (*Legal Aid Society of Morristown,* attorney, *Mr. Brennan,* on the letter brief).

The opinion of the court was delivered by

. ANTELL, P.J.A.D.

Plaintiff landlord appeals from an order dated June 26, 1992, entered by the Special Civil Part, vacating a default judgment of possession which had been entered on May 29, 1992, for nonpayment of rent. Plaintiff requested a warrant of removal on June 1, 1992. On June 17, 1992, defendant obtained an order to show cause returnable June 19, 1992, to stay execution of the warrant. Defendant failed to appear on the return date and the warrant was executed at 1:15 p.m. that day.

On June 22, 1992, defendant obtained a further order to show cause returnable June 26, 1992, requesting that the judgment of possession be vacated and that she be permitted re-entry and continued possession of the premises. On June 26, 1992, after a hearing, the court vacated the judgment upon payment of the full balance of rent. The court stated that because the suit had been brought for nonpayment of rent its action was authorized "in the interest of justice" under *R.* 4:50. It is from this determination that plaintiff appeals.

Plaintiff argues that the court's statutory powers were limited to those specified in *N.J.S.A.* 2A:42–10.6, that is, to issuing a stay prior to the execution of a warrant, with the

---

[1] Judge Dreier did not participate in oral argument, but has, with the consent of counsel, been added to the panel deciding the matter.

proviso that such stay may not exceed six months. We agree and hold that once a judgment for possession has been entered for nonpayment of rent, it may not be defeated by the payment of overdue rent.

Under the circumstances, the court's authority was circumscribed by the following language of *N.J.S.A.* 2A:42–10.6:

Notwithstanding any other provisions of law, in any action brought by a landlord against a tenant to recover possession of premises or unit used for dwelling purposes, to which this act is applicable, whether by summary dispossess proceedings, civil action for the possession of land, or otherwise, the judge of the court having jurisdiction shall use sound discretion in the issuance of a warrant or writ for removal or writ of possession, and if it shall appear that by the issuance of the warrant or writ the tenant will suffer hardship because of the unavailability of other dwelling accommodations the judge may stay the issuance of the warrant or writ and cause the same to issue at such time as he shall deem proper under the circumstances, but in no case shall such judge stay the issuance of any such warrant or writ for possession for a longer period than 6 months after the date of entry of the judgment of possession ...

We first note that no evidence was presented that defendant would "suffer hardship because of the unavailability of other dwelling accommodations." Moreover, even if such evidence had been presented and accepted by the court, the court could not have granted any further relief beyond a stay of the warrant "for a longer period than six months after the date of entry of the judgment of possession." We further note that *N.J.S.A.* 2A:42–10.7 specifies that "[i]n no event shall any payment made by the tenant to the landlord for continued occupancy of any premises or unit, as provided in ... [*N.J.S.A.* 2A:42–10.6], be deemed to create a new tenancy."

The question of the court's power to stay indefinitely a judgment of possession over a landlord's objection, upon payment of rent, was considered in *Housing Authority, Newark v. West,* 69 *N.J.* 293, 354 *A.*2d 65 (1976). There, a county district court judge ordered a warrant of removal stayed pending performance by the tenant of the court's order that she pay accumulated rent arrearages of $2,199, at the rate of $100 per month, together with current rent as it came due. The landlord's appeal was challenged by the tenant on the basis of

*N.J.S.A.* 2A:18–59, which provided that summary dispossess actions "shall not be appealable except on the ground of lack of jurisdiction." Thus, the question presented took the form of whether the county district court exceeded its jurisdiction in entering the order that it did. In approaching the question, the Supreme Court first noted as "unquestionable that the basic purpose of the summary proceedings was to permit prompt recovery of the premises by the landlord." *Id.* at 300, 354 *A.*2d 65. It concluded that there was no statutory authority for a trial court to stay a warrant for removal for an extended period of time, and wrote the following:

> The foregoing is not to say that the court does not have inherent discretion, as district court judges have assumed for decades, to stay the warrant for a reasonable time to permit a tenant in distressed circumstances to arrange for his voluntary removal from the premises. It is to say that nothing like the authority assumed by the trial judge here is remotely within the statutory contemplation.
>
> These conclusions are buttressed by the carefully circumscribed statute which the Legislature adopted in 1957 (c. 110), *N.J.S.A.* 2A:42–10.6, permitting a judge in a possessory action of any type to stay a warrant for removal from dwelling premises, but not in excess of six months after entry of a judgment for possession, where it appears that hardship is presented because of the unavailability of other dwelling accommodations. The Appellate Division has correctly held in this and other recent cases that extended stays of warrants for removal in situations not coming within the prescription of this statute are invalid as beyond the jurisdiction of the court and has given the landlord relief therefrom on appeal. See *Ivy Hill Park Section Five, Inc. v. Handa* [121 *N.J.Super.* 366, 297 *A.*2d 201 (App.Div.1972) ] and *Charlie Collins Chevrolet v. Zebrowski,* [130 *N.J.Super.* 116, 325 *A.*2d 825 (App.Div.1974) ], both *supra.*

[*Id.* at 300–301, 354 *A.*2d 65.]

*Stanger v. Ridgeway,* 171 *N.J.Super.* 466, 410 *A.*2d 59 (App. Div.1979), is even more to the point. There, the narrow question presented was whether the payment of rent after judgment for possession, but within the three days required by *N.J.S.A.* 2A:18–57 before the court can issue a warrant of removal, could defeat the action. The court concluded that payment of the disputed rent could operate to dismiss the proceedings only where payment is made "immediately after a judgment of possession is entered while the court is still in session." *Id.* at

471, 410 *A*.2d 59. Although the court denied the landlord enforcement of the judgment in that case on equitable grounds, it announced the applicable legal principle in the following unambiguous language:

> We hold that to terminate proceedings under *N.J.S.A.* 2A:18–55 the rent must be deposited on or before the day that judgment is entered. The statute admits of no other construction. In county district court actions, including summary dispossess proceedings, entry of final judgment occurs immediately after the judge renders his decision. *R.* 6:6–4 provides that "upon determination by a judge sitting without a jury, the clerk shall note the judgment on the jacket and *it shall take effect forthwith.*" (Emphasis supplied).

[*Id.* at 473, 410 *A*.2d 59.]

Defendant cites for our consideration the following language of *N.J.S.A.* 2A:42–10.16:

> The Superior Court, Law Division, Special Civil Part, shall retain jurisdiction for a period of 10 days subsequent to the actual execution of the warrant for possession for the purpose of hearing applications by the tenant for lawful relief.

She argues that the foregoing provision vests the court with powers that go beyond those set forth in *N.J.S.A.* 2A:42–10.6, thereby entitling the court to grant the relief that it did. The reply to this is that the cited statute provides only for "lawful relief." As we have explained, payment of overdue rent after the entry of judgment for possession does not entitle an evicted tenant to be restored to possession. The import of defendant's argument is to confer greater rights upon a tenant after the issuance of a warrant than what is provided by *N.J.S.A.* 2A:42–10.6 before the issuance of a warrant. We perceive no sound reason to believe this to have been the Legislature's intent.

While the provisions of *R.* 4:50–1 may be pertinent to an application for relief from a judgment of possession, *Stanger v. Ridgeway, supra,* 171 *N.J.Super.* at 473–74, 410 *A*.2d 59, the record before us does not meet any of those criteria. As we have noted, the only basis for the relief granted herein was defendant's payment of accrued rent.

Reversed and remanded for further proceedings consistent with this opinion.