**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2270-13T1

SERGEY SAFAROV,

    Plaintiff-Respondent,

v.

MARK NEWTON a/k/a
M. MICHAEL NEWTON,[1]

    Defendant-Appellant.

_____

        Submitted March 29, 2017 — Decided  May 10, 2017

        Before Judges Manahan and Lisa.

        On appeal from Superior Court of New Jersey,
        Law Division, Special Civil Part, Essex
        County, Docket No. LT-5877-13.

        Mark Newton, appellant pro se.

        Neil J. Dworkin, attorney for respondent.

PER CURIAM

    Defendant, Mark Newton, in this landlord-tenant action,
appeals from the entry of a judgment of possession.  We affirm.

_____

[1] Defendant's name is Mark Newton.  The name Michael is a nickname
from birth originating from a parental agreement.  Accordingly,
defendant is known as both Mark Newton and Michael Newton.

Defendant was a tenant of plaintiff, Sergey Safarov, pursuant to a written lease. The agreed-upon rent was $850 a month. The lease provided for a month-to-month tenancy. When defendant failed to pay the rent for several months, plaintiff filed an eviction action seeking a judgment of possession.[2]

Thereafter, the complaint was dismissed due to plaintiff's failure to appear. Plaintiff sought reinstatement based upon lack of notice which was granted by the judge without participation by defendant. After a contentious trial, the judge granted a judgment for possession in favor of plaintiff for nonpayment of rent.

Defendant sought an emergent stay with this court after the Law Division judge denied his application seeking that relief. We denied the stay. The Supreme Court granted a stay and remanded the matter to this court for a determination of the motion. During the pendency of the motion, the Law Division judge supplemented his decision per Rule 2:5-6(c) and noted that despite defendant's claim of plaintiff's non-compliance with the registration compliance per N.J.S.A. 46:8-29, plaintiff failed to provide proof. Pursuant to N.J.S.A. 46:8-33 (non-entry of judgment of possession for failure to comply with registration and continuance

---

[2] It was originally claimed that defendant owed five months' rent. However, at the time of trial, plaintiff agreed to base the action on nonpayment of three months' rent.

of summary disposition action for up to ninety days or until compliance), the judge held the action should have been stayed. As such, the action was stayed to allow plaintiff the opportunity to provide proof of compliance with the registration requirement.

After plaintiff submitted proof of compliance to this court, the case was re-listed for a hearing. After an adjournment, based upon defendant's non-appearance, the hearing resulted in the entry of judgment of possession. Thereafter, defendant sought stays from this court and the Supreme Court, which were denied.

A warrant of removal was executed on May 14, 2013. The judge stayed the execution of the warrant until May 20 at noon, at which time defendant vacated the premises.

Defendant raises several arguments on appeal which we conclude lack sufficient merit to warrant an extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following.

Our review of a trial court's final determination in a non-jury case is limited. We will not disturb the judge's factual findings and legal conclusions unless convinced they are so unsupported by, or inconsistent with, the competent, relevant and reasonably credible evidence as to offend the interests of justice. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011);

<u>Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.</u>, 65 <u>N.J.</u> 474, 484 (1974). Having considered the record in light of that standard, we discern no basis to disturb the judge's findings and legal conclusions.

The summary dispossess statute, <u>N.J.S.A.</u> 2A:18-51 to -61, was designed to provide landlords with a quick and simple remedy for possession. <u>Carr v. Johnson</u>, 211 <u>N.J. Super.</u> 341, 347 (App. Div. 1986). It was also designed to secure enforcement of a tenant's rental obligation in actions for nonpayment of rent, <u>Hous. Auth. of Morristown v. Little</u>, 135 <u>N.J.</u> 274, 281 (1994). To that end, a tenant can secure a termination of the action by depositing the rent at any time before the end of the court day on which judgment is entered. <u>Stanger v. Ridgeway</u>, 171 <u>N.J. Super.</u> 466, 473 (App. Div. 1979).

The Anti-Eviction Act, <u>N.J.S.A.</u> 2A:18-61.1 to -61.12, however, limits the grounds for which residential tenants may be evicted in a summary dispossess proceeding. Jurisdiction to grant the remedy requires a showing that one of the statutory grounds of good cause for eviction exists. <u>Little</u>, <u>supra</u>, 135 <u>N.J.</u> at 281 (citing <u>Levine v. Seidel</u>, 128 <u>N.J. Super.</u> 225, 229 (App. Div.), <u>certif. denied</u>, 65 <u>N.J.</u> 570 (1974)). A tenant's failure to pay rent is one of the enumerated good causes for eviction. <u>N.J.S.A.</u>

2A:18-61.1(a). Here, it is undisputed defendant failed to pay rent for three months.

We are satisfied the trial judge carefully considered the many arguments defendant raised during the trial. Defendant, despite his poor behavior and disrespectful conduct to the judge, was allowed a full and fair opportunity to litigate his claims and was provided with an opportunity to pay the rent due.[3]

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Although the issue of mootness was not raised on appeal, had we been called upon to address the issue, we would have concluded that the relief sought herein is moot due to the eviction. Mootness occurs "when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Comando v. Nugiel, 436 N.J. Super. 203, 219 (App. Div. 2014) (quoting Betancourt v. Trinity Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). Thus, "[a]n issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006).

A-2270-13T1