**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4475-15T2

DRT INVESTMENTS, LLC,

    Plaintiff-Respondent,

v.

MOSHE KLEIN,

    Defendant-Appellant.

_____

Submitted July 5, 2017 — Decided July 21, 2017

Before Judges Simonelli and Carroll.

On appeal from the Superior Court of New
Jersey, Law Division, Special Civil Part,
Ocean County, Docket No. LT-3288-15.

Greenblatt & Liebermann, LLC, attorneys for
appellant (Thomas M. Pohle, on the briefs).

Haber Silver & Simpson, attorneys for
respondent (Sherry L. Silver, of counsel and
on the brief).

PER CURIAM

This appeal arises from a residential landlord/tenant dispute. Defendant Moshe Klein, the tenant, appeals from a June 9, 2016 order denying his application to vacate a judgment of possession that was entered on September 29, 2015. The warrant

of removal has been stayed pending appeal. For the reasons that follow, we reverse.

The facts relevant to this appeal are in large part undisputed. Pursuant to a written lease agreement, plaintiff DRT Investments, LLC, the landlord, rented a five-bedroom home in Lakewood to defendant, his wife, and their nine children, including their sixteen-year-old autistic son. The lease began on January 1, 2015, and required defendant to pay monthly rent of $2750. Defendant paid the first six months' rent in advance, along with a $4125 security deposit.

In August 2015, defendant began to withhold rent on the ground that the basement tenant was operating a retail business that disrupted the family's quiet enjoyment of the premises, and because defendant was paying for electricity that was being used by the basement tenant. Consequently, on August 19, plaintiff filed a summary dispossess complaint against defendant for non-payment of rent. The complaint stated defendant owed plaintiff $2982, comprised of the August rent of $2750, $50 in late charges for August, $125 in attorney's fees, and $57 in court costs. It also stated that if the case was scheduled for trial on or after September 1, 2015, the total amount due would increase to $5782. The complaint further advised that "[p]ayment may be made to the landlord or the clerk of the court at any time before the trial

date, but on the trial date payment must be made by 4:30 PM to get the case dismissed."

The dispossession action was tried on September 21 and September 25, 2015. Plaintiff was represented by counsel, while defendant appeared pro se. The trial judge reserved decision and told the parties he would notify them when he was prepared to place his findings on the record. However, no such notice was given. Rather, on September 29, 2015, the judge entered a judgment of possession in favor of plaintiff "in the amount of [$5482], which is currently due and owing."[1]

Defendant received the judgment of possession on Saturday, October 3, 2015, in an envelope that was postmarked October 1. On Sunday, October 4, defendant sent plaintiff's representative a text message stating: "I would like to give you rent today[.]" On October 7, plaintiff's representative responded, "I do not want to accept any money now."

Defendant asserted that he "could have and would have paid the full amount [determined to be due by the court] before the entry of the judgment for possession on September 29, 2015[,] if I was given the opportunity to exercise my right to do so under

---

[1] The record on appeal does not include the judge's findings, or how the $300 reduction in the amount sought by plaintiff was arrived at.

New Jersey law." In defendant's May 24, 2016 certification in support of his application to vacate the judgment of possession, defendant set forth a chronology of the events that followed entry of the judgment:

> 15. At my first opportunity after learning on October 3, 201[5,] of the [c]ourt's [o]rder entering the judgment of possession on September 29, 2015, and observance of two additional religious holidays, I attempted to pay the landlord directly but he refused to accept the money.
>
> 16. Therefore, I went to the courthouse on October 7, 2015, which was the first day after the religious holidays on October 5[] and 6[] and attempted to post the money with the Clerk. The Clerk would not accept the deposit because a warrant for removal had not yet been issued.
>
> 17. The warrant of removal was served upon me on October 15, 2015. I immediately went to the courthouse, requested a stay, and posted the money due with the Clerk of the Special Civil Part. The [c]ourt granted a stay until April 5, 2016.
>
> 18. On March 11, 2016, I filed [a] motion through counsel seeking to vacate the judgment of possession and dismiss the complaint. The application was based on the denial of my right under New Jersey law to pay the amount due as determined by the [c]ourt prior to the entry of the judgment for possession. . . .
>
> 19. Notwithstanding this, and the fact that I was current with my rent, on April 12, 2016, the [c]ourt denied my motion to vacate the judgment and dismiss the complaint, and instead granted a stay until June 1, 2016.

20. The [c]ourt made no findings of fact or conclusions of law as to the reasons for the decision.

21. I am current in my rental payments through May[] 2016[,] and am prepared to deposit June's rent with the [c]ourt.

22. Despite my best efforts, I have not been able to secure a new place to live for my family. It is almost impossible to find a landlord who is willing to rent to a family with nine children in the area. Unfortunately, [i]f the [c]ourt does not grant me relief from the judgment, or in the alternat[ive], grant a stay pending appeal[,] I, along with my wife and nine children, including my [sixteen-year-old] autistic son, will be rendered homeless.

23. I am especially concerned about my [sixteen-year-old] autistic son. His therapist has indicated that the progress he has made in recent years will be completely and perhaps permanently lost if we are evicted.

24. This case was never about the rent money. I had the money and withheld it for one month because the landlord refused to address our legitimate complaints concerning the diversion of electricity we paid for and interference with our quiet enjoyment caused by an illegal retail business he rented the space below our living quarters to. The [c]ourt recognized there was merit to our complaints and granted a $300 abatement.

25. Furthermore, I am current in the rent.

26. Based on the above, I respectfully ask the [c]ourt to reconsider the April 12, 2016 [o]rder and vacate the judgment for

A-4475-15T2

> possession[,] or in the alternat[ive] grant a
> stay pending appeal.

On June 6, 2016, the trial court heard oral argument on defendant's application and took testimony from defendant and his wife. On June 9, the court entered an order that, while silent on defendant's request to vacate the judgment of possession, stayed the warrant of removal until July 12, 2016, to allow defendant's son to finish the remainder of the school year. The order also provided that no further stay applications would be considered or granted.

Defendant filed a timely notice of appeal. On July 15, 2016, we granted defendant's motion for a stay pending appeal, conditioned on defendant remaining current with all rent payments during the pendency of the appeal.

On appeal, defendant argues that the denial of his motion to vacate the judgment of possession resulted from a mistaken exercise of discretion. We must thus determine "whether, under the controlling factual and legal conclusions, the trial court abused its discretion in failing to vacate the judgment for possession[.]" Cmty. Realty Mgmt. v. Harris, 155 N.J. 212, 236 (1998) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274 (1994)). Under the circumstances of this case, we find defendant has met this standard.

It is well settled that, where appropriate, the provisions of Rule 4:50-1 apply to tenancy actions. See Little, supra, 135 N.J. at 291 (holding that because the tenant paid all monies due within three days after execution of the warrant of removal, had five minor children, and the Housing Authority was a publicly-subsidized housing provider that was "subject to public-policy responsibilities not generally imposed on private landlords," the tenant's exceptional circumstances warranted relief under Rule 4:50-1(f)). Similarly, in Stanger v. Ridgeway, 171 N.J. Super. 466, 473 (App. Div. 1979), where the tenant withheld his rent in good faith in order to raise a habitability defense, and paid the back rent three days after the landlord obtained a judgment of possession, we found that "to allow plaintiff to evict defendant under the circumstances would be a perversion of justice." We also found that the court has the equitable power to terminate the proceedings after entry of judgment under Rule 4:50-1(e), stating that, the rent having been paid, it was "no longer equitable that the judgment or order should have prospective application." Id. at 474. See also Olympic Indus. Park v. P.L., Inc., 208 N.J. Super. 577 (App. Div.), certif. denied, 104 N.J. 453 (1986) (upholding the application of Rule 4:50-1 in a nonpayment case in the context of a commercial tenancy).

Here, as defendant correctly contends, the fundamental error arose upon the court's failure to afford him the benefit envisioned by N.J.S.A. 2A:18-55 ("the statute"). The statute permits a tenant in a non-payment of rent case, such as this, to avoid eviction by paying the rent "at any time on or before entry of final judgment [] to the clerk of the court[.]" Ibid. (emphasis added). Thus, where a tenant, such as defendant, disputes the amount of rent due, and the court, after considering all the evidence, announces its findings of fact, the statute clearly contemplates that the tenant must be afforded the right to pay the amount due in accord with the judge's determination before the entry of judgment. Generally speaking, the tenant has until 4:30 p.m. on the day the trial has ended and the decision announced to make the required payment. See Cmty. Realty Mgmt., supra, 155 N.J. at 242 (where the court outlined plain language instructions that must be given tenants by the trial courts).

The statute appears to envision the typical landlord/tenant dispute that is heard and decided in one day. That was not the case here. In this case, the trial judge reserved decision and then entered and mailed out the judgment of possession without affording defendant the opportunity to pay the amount due by a time certain so as to avoid entry of the judgment, as contemplated by the statute.

Defendant certified that he was prepared to pay the rent determined to be due in court on the trial date. Ample support for this claim is found in the record, and the judge accepted it. Mike McNeal, Lakewood's fair housing and fair hearing officer, was present at trial, and again during argument on defendant's motion to vacate the judgment on April 4, 2016. In the course of that argument, the following colloquy between defendant's attorney and the court ensued:

> [COUNSEL]: Your Honor, I don't know if Your Honor is interested in hearing this, but Mike McNeal is here in court and was here on the day of the trial and knows from having spoken to [defendant] that on the day of the trial, he had the money with him to post with the court had Your Honor - -
>
> THE COURT: Oh, I believe that. I do believe that.
>
> [COUNSEL]: Okay. Okay.
>
> THE COURT: There's no [] issue about that.

Further corroboration of defendant's willingness and ability to pay the rent found to be due plaintiff is contained in the text messages appended to defendant's application to vacate the judgment of possession. That documentation confirms that defendant received the judgment by mail on a weekend when the court was closed and promptly contacted the landlord directly to make payment, which was rejected. We are firmly convinced from

9

our review of the record that defendant was prepared to pay the rent in court and would have done so had the judge announced the amount due at the conclusion of the trial, or, alternatively, had the judge stayed entry of the judgment until appropriate notice of the amount due was given.

Parenthetically, we also note that the court's April 12, 2016 and June 9, 2016 orders are devoid of any statement of reasons why relief from judgment pursuant to Rule 4:50-1 was inappropriate, or at least no such reasons have been presented to us. Rule 1:7-4(a) clearly states that a trial "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right[.]" See Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006) (requiring an adequate explanation of the basis for a court's action). In any event, the facts presented above, as well as the hardship that would inure to defendant's large family, and especially his autistic child, were the eviction to proceed despite the rent continuing to be fully paid, compel us to conclude that relief from judgment is warranted under Rule 4:50-1(e) and (f). Accordingly, we reverse the order on appeal, and vacate the judgment of possession and warrant of removal.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4475-15T2