**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4990-18T2

TONI-ANN ATTANASIO
and ROBERT ATTANASIO,

    Plaintiffs-Respondents,

v.

CARLA VARNER,

    Defendant-Appellant.

_____

Submitted November 5, 2020 – Decided December 10, 2020

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-012791-18.

Carla Varner, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Defendant Carla Varner appeals from a June 3, 2019 judgment in favor of plaintiffs Toni Ann Attanasio and Robert Attanasio. We vacate the judgment and remand for further proceedings.

Defendant was a tenant in a three-family home in Elizabeth in July 2017 when plaintiffs purchased the home and assumed defendant's lease. In January 2018, plaintiffs asked defendant to pay rent for that month. Defendant refused, claiming she had prepaid the January 2018 rent to the previous landlord.

Plaintiffs commenced an eviction action against defendant. It was dismissed as retaliatory. According to defendant, after the dismissal of this suit, plaintiffs "escalated their attempt to make [her] move." In May 2018, plaintiffs filed a notice to quit and demand for possession of defendant's apartment, alleging they wished to personally occupy the premises. Defendant claims that after she received the notice to quit, plaintiffs shut off her electricity, "allowed a sewage leak to persist" in her home, and refused to have the apartment exterminated, despite the fact it was infested with insects. Further, defendant contends that when she complained to plaintiffs about her poor living conditions, they "refused to fix anything." She hired a contractor to assess water damage to her apartment, who purportedly confirmed this damage caused mold to grow inside her apartment.

A-4990-18T2

In August 2018, plaintiffs again moved to evict defendant, alleging she was three months behind in rent. They obtained a judgment for possession by default as defendant was unable to pay the outstanding rent to litigate the matter.[1] The following month, plaintiffs filed an action in the Law Division, seeking payment of back rent, late fees, counsel fees and additional costs for which they claimed defendant was responsible. Even though defendant filed an answer and counterclaim in this action and the trial was adjourned once at her request, plaintiffs obtained a default judgment against defendant when her subsequent request for an adjournment was denied. Defendant successfully moved to vacate the default judgment and the matter was tried in June 2019.

The parties, as well as a bank representative subpoenaed by defendant, testified at trial. Importantly, during the trial, defendant testified she had a "habitability issue" during her tenancy but was unable to present this defense during the prior summary dispossess action because she "didn't have all of the

---

[1] The summary dispossess statute, N.J.S.A. 2A:18-51 to -61, provides landlords with a quick and simple remedy for possession. Carr v. Johnson, 211 N.J. Super. 341, 347 (App. Div. 1986). It is designed to secure enforcement of a tenant's rental obligation in actions for nonpayment of rent. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 281 (1994). To that end, a tenant can secure a termination of the action by depositing the rent at any time before the end of the court day on which judgment is entered. Stanger v. Ridgeway, 171 N.J. Super. 466, 473 (App. Div. 1979).

A-4990-18T2

[rent] money" to permit her to advance this defense. The judge responded, "Well, you didn't raise that before the [trial judge in the prior action] . . . to get an abatement, you had to do that at the landlord-tenant matter. You can't do that now." The judge also stated he would not "second-guess" the basis for defendant's prior eviction, namely "nonpayment of rent," explaining, "[i]t's what's known as a rule - - it's known as res judicata, collateral estoppel."

Upon completion of the trial, the judge determined defendant owed plaintiffs $3050. He arrived at this figure by finding she was responsible for $3300 in back rent plus $1400 in repairs, less a credit of $1650, representing the sum of her security deposit, which plaintiffs retained. The judge disallowed plaintiffs' request for counsel fees, late fees and other costs.

On appeal, defendant presents the following arguments for our consideration:

> POINT I
>
> THE COURT[']S PRESUMPTION THAT A SUMMARY DISPOSSESSION PRECLUDES THE DEFENDANT FROM A SUBSEQUENT SUIT DENIED THE DEFENDANT RELIEF. (Raised Below).
>
> A. IN A SUBSEQUENT SUIT A RETROACTIVE RENT ABATEMENT CAN BE GRANTED AND DEDUCTED FROM BACK RENT OWED IF

HABITIBILITY ISSUES ARE PRESENT. (Raised Below).

B. THE DEFENDANT['\]S EXPENDITURE IS CONSIDERED A REPAIR [ ] AND IS ELIGIBLE TO BE DEDUCTED FROM THE RENT. (Raised Below).

C. RES JUDICATA AND COLLATERAL ESTOPPEL IMPROPERLY APPLIED TO SUBSEQUENT HEARING. (Raised Below).

POINT II

THE COURT EXCLUDING RELEVANT EVIDENCE AND NOT APPLYING MANDATORY DOUBLE DAMAGES RESULTED IN MISCALCULATION OF SECURITY DEPOSIT. (Raised Below)

A. FAILURE TO APPLY THE MANDATORY DOUBLE DAMAGES RESULTED IN MISCALCULATION OF AMOUNT AWARDED. (Raised Below)

B. THE DEFENDANT['\]S SECURITY DEPOSIT WAS WRONGFULLY WITHHELD AND ENTITLED TO DOUBLING. (Raised Below)

Our review of a trial court's final determination in a non-jury case is limited. We will not disturb the judge's factual findings and legal conclusions unless convinced they are so unsupported by, or inconsistent with, "the

5

competent, relevant and reasonably credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (citations omitted); Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974).

Regarding Point I, we note as a threshold matter that a landlord's covenant of habitability and a tenant's covenant to pay rent are mutually dependent on one another. Berzito v. Gambino, 63 N.J. 460, 469 (1973). If a tenant gives reasonable notice of defects or damages that would breach the covenant of habitability, the tenant may either make the necessary repairs or leave the premises, resulting in a constructive eviction. Marini v. Ireland, 56 N.J. 130, 146-47 (1970). In order to breach the covenant of habitability, "[t]he condition complained of must be such as truly to render the premises uninhabitable in the eyes of a reasonable person." Berzito, 63 N.J. at 469.

When a tenant defaults by not paying rent, the tenant retains the right in a landlord-tenant matter to assert the defense that the landlord breached the covenant of habitability. Marini, 56 N.J. at 140. Here, the trial judge presiding over plaintiffs' collection action for back rent, counsel fees and costs did not allow defendant the opportunity to prove plaintiffs breached the covenant of habitability. The record suggests the judge precluded defendant from asserting

A-4990-18T2

this defense due to an apparent belief she was procedurally barred. We are persuaded the judge was mistaken in this regard.

Although defendant was unable to pursue her defense of plaintiffs' breach of the covenant of habitability in the summary dispossess action, due to her inability to post outstanding rent before that action concluded, she retained the right to raise her habitability claims in the subsequent Law Division case. Indeed, as the Berzito Court plainly stated, "in an action by a landlord for unpaid rent a tenant may plead, by way of defense and set off, a breach by the landlord of [the] continuing obligation to maintain an adequate standard of habitability." Berzito, 63 N.J. at 469. Additionally,

> a tenant may initiate an action against his [or her] landlord to recover either part or all of a deposit paid upon the execution and delivery of the lease or part or all of the rent thereafter paid during the term, where [the tenant] alleges that the lessor has broken [the] covenant to maintain the premises in a habitable condition.
>
> [Ibid.]

Guided by these principles, we are convinced that because defendant's habitability defense was not adjudicated in the summary dispossess action, she was free to raise this defense in plaintiffs' subsequent action to recover unpaid rent and other costs.

A-4990-18T2

Given our determination regarding Point I, we need not extensively discuss defendant's Point II. We note N.J.S.A. 46:8-21.1 provides in relevant part:

> Within 30 days after the termination of the tenant's lease or licensee's agreement, the owner or lessee shall return by personal delivery, registered or certified mail the sum so deposited plus the tenant's portion of the interest or earnings accumulated thereon, less any charges expended in accordance with the terms of a contract, lease, or agreement . . . . The interest or earnings and any such deductions shall be itemized and the tenant, licensee, executor, administrator or surviving spouse notified thereof by personal delivery, registered or certified mail.
>
> . . . .
>
> In any action by a tenant . . . [or] licensee . . . for the return of moneys due under this section, the court upon finding for the tenant . . . [or] licensee . . . shall award recovery of double the amount of said moneys, together with full costs of any action, and in the court's discretion, reasonable attorney's fees.

This statute exists to "protect tenants from overreaching landlords who seek to defraud tenants by diverting rent security deposits to their own use." Jaremback v. Butler Ridge Apartments, 166 N.J. Super. 84, 87 (App. Div. 1979) (citing Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972)). "The 'moneys' referred to represent the net amount due to the tenant for the security deposit and interest 'less any charges expended [by the landlord] in accordance

A-4990-18T2

with the terms' of the lease." Ibid. (quoting N.J.S.A. 46:8-21.1). "[I]f there is no net balance due to the tenant there is no 'finding for the tenant' and there are no 'moneys' which can be doubled as the statutory penalty." Id. at 88.

Here, the judge found that plaintiffs provided defendant with the necessary itemization of the costs deducted from defendant's security deposit within the thirty-day period required by statute. However, because defendant was precluded from testifying about her habitability claims, we cannot discern whether she was entitled to relief under N.J.S.A. 46:8-21.1. Accordingly, defendant's claims under this statute must abide the remand hearing.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant discussion in a written opinion in light of our order that the case be re-tried. R. 2:11-3(e)(1)(E).

The $3050 judgment is vacated, and this matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4990-18T2